[Crim. No. 4119. Second Dist., Div. One. Oct. 16, 1947.]

In re KAROL LYNN VAN VLACK, a Minor.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

YORK, P. J.—This is an appeal by the minor, Karol Lynn Van Vlack, from an order of the juvenile court adjudging her to be a ward thereof, and also from the "finding of the Juvenile Court that she is a juvenile delinquent."

On January 7, 1947, a petition was filed by a deputy sheriff of Los Angeles County, wherein it was alleged that Karol Lynn Van Vlack, aged 10 years, was a person defined in subdivision (d) of section 700, Juvenile Court law (now Welf. & Inst. Code), in that her home was an unfit place for her by reason of depravity on the part of her stepfather and neglect on the part of her mother.

It was further alleged that said minor was before the said court in May of 1946 on a petition filed under subdivisions (b) and (d) of section 700, *supra*, because she had accused

her stepfather of committing acts upon her person in violation of sections 288 and 288a of the Penal Code and that her mother had knowledge of these acts; that said stepfather was arrested and told the investigating officer that he was guilty as charged; that the original charge was reduced to a charge of contributing to the delinquency of a minor, a misdemeanor, and said stepfather was granted probation; that thereafter the mother took the child to Bluffton, Ohio, remained there a short time, returned to Los Angeles with the child and again lived with her husband, said stepfather; that when these facts were discovered and brought to the attention of the judge of the juvenile court, he directed that the minor be detained in juvenile hall and the instant petition be filed under subdivision (d), section 700, *supra*, the previous petition having been dismissed on November 26, 1946, presumably because the mother and the minor child were supposed to be residing at Bluffton, Ohio.

On January 23, 1947, the court adopted and approved the findings and recommendations of the referee, made as result of a hearing on January 20, 1947, and declared said minor "a ward of the Juvenile Court under Subdivision (d), Section 700 of the Juvenile Court Law"; placed her in custody of the probation officer in a boarding school, arrangements for such placement to be made by said officer; prohibited the minor from visiting in her own home, but permitted the mother to visit her at the school; ordered the minor to remain in juvenile hall until placed and "until the District Attorney's Hold is lifted," and continued the matter for report on placement.

It is here contended that the evidence is insufficient to sustain the findings and that the findings are not in conformity with the provisions of the Welfare and Institutions Code.

After the filing of appellant's opening brief on appeal, a certificate by the judge of the juvenile court, who heard the matter from its inception, was filed in this court in the form of a clerk's supplemental transcript, to wit:

"This will certify that the record on appeal in the above entitled matter, which was certified to by the County Clerk of Los Angeles County, was not the complete record before the Court at the time of the hearing of Petition No. 129702 (Jan. 7, 1947), as under the juvenile procedure all records

and files in the minor's case were before the Court and considered at the time of the hearing on January 20, 1947.

"The Clerk's transcript on appeal should be corrected to include the Petition and files in case No. 126562 (May 21, 1946), *which was before the Juvenile Court and considered as evidence* in hearing Petition No. 129702, which was referred to in formulating a plan for the best interests of the child." (Emphasis added.)

Such record of the first proceeding is comprised of the petition, reports of hearings held by a juvenile court referee on May 28, June 11, August 13, and September 3, 1946, together with minute orders of the juvenile court judge approving and adopting the recommendations made by said referee after each hearing.

At the hearing before the referee on the instant petition of January 7, 1947, the mother of the minor testified that when she was in court on September 3, 1946, she testified that she had sold her home, was separating from her husband and was taking a plane on September 9, 1946, for Bluffton, Ohio; that she arrived with the minor at Bluffton on September 11, and left there for California on October 19, 1946; that she was unable to stay because the children made her grandparents too nervous; that when she reached California she did not inform the probation officer of her action, which she said she realized was against the order and instructions of the court and the understanding she had with the court at the time of the hearing of September 3, 1946; that she wrote two letters and had them mailed from Ohio to the probation department, representing that she was still in Ohio when in fact she was in California; that her husband met her at the airport on October 20th and she went to live with him, taking the minor with her. Said witness also testified at the instant hearing that she was out on bail and was to enter her plea on the 23d to a charge of contributing.

In response to the referee's question regarding the status of his case, the stepfather testified that he was granted three years' probation and ordered to pay a fine of $400.

In answer to the referee's question: "Would you tell me about this changing? I was under the impression that this man was charged with violation of 288 of the Penal Code." Pat Decker, a representative of the district attorney's office, replied: "Four counts of contributing, I believe was the charge at that time, your honor. In the beginning it was

288 of the Penal Code, and the defense attorney asked that the charge be reduced to four counts of contributing. Q. And it was granted? A. It obviously was granted. I don't believe there was even one count of 288 left at the time. Q. What was he tried on? A. He was first tried on incest. Q. And found guilty? A. Not found guilty. It wasn't incest because he was the stepfather, but there were 288 perversion, 288 or something, A or B, I believe it wasn't a straight 288, and then it was reduced to four counts of contributing. Q. After he was tried? A. After the trial had begun, yes.''

Turning to the record of the first proceeding, the referee on June 11, 1946, found as follows: ''This matter was continued to this date from May 28, 1946. Minor is held on a District Attorney hold as a material witness against her stepfather. He was charged with violation of Section 288 of the Penal Code. Since this man has been held to answer and he will come up for plea on the 19th of June, 1946, it will be necessary to detain minor in Juvenile Hall.'' On June 13, 1946, the findings and recommendations of the referee, dated June 11, 1946, were adopted and approved by the judge of the juvenile court.

Since it is definitely shown by the testimony of the stepfather, above quoted, that he was granted probation in a prosecution for an offense committed against the minor, the evidence is amply sufficient to sustain the judgment of the court declaring the minor to be a ward of the juvenile court under subdivision (d) of section 700 of the Welfare and Institutions Code, which provides that ''The jurisdiction of the juvenile court extends to any person under the age of twenty-one years who comes within any of the following descriptions: . . .

'' (d)  *Whose home is an unfit place* for him, by reason of neglect, cruelty, or depravity of either of his parents, or of his guardian or other person in whose custody or care he is.''

The referee of the juvenile court made findings herein, which were adopted by the judge of that court, in part, as follows:

''. . . This child was molested sexually by her adoptive father over a period of four years. The mother was aware of what was going on. She failed to take steps herself, hoped she could work the problem out in her own way. Finally the adoptive father was arrested and charged with

violation of Section 288 and 288a of the Penal Code. Subsequently this was changed to four counts of contributing, and he was found guilty, fined $400, and given 3 years probation. Minor was declared a ward under subdivisions (b) and (d), and after the trial of her adoptive father, she left with her mother and 18 months old brother for Bluffton, Ohio, to live in the home of the maternal grandparents. The mother at that time represented that she was separating from her husband, and had no intention of living with him, and that she had sold her home. The child arrived in Ohio by airplane September 11, 1946, and returned with her mother October 20, 1946. When the mother returned to California, she immediately took up her residence with her husband. At no time did she inform the probation officer that she was back in this jurisdiction. It would appear from the past history that minor's home is unfit, and that she should not be permitted to remain in the same home with her adoptive father. Therefore, placement outside is indicated. . . .''

The main purpose of the Juvenile Court Act is to safeguard the morality and character of children of tender years. In the circumstances presented by the record herein, it was within the discretion of the court to find that the welfare of the minor required that she be taken from the custody of her mother, in order to protect her from possible repetitions of the acts of the stepfather which had occurred in the past, and to the repetition of which the mother was subjecting her by taking her to live in the same house with the stepfather. (See Welf. & Inst. Code, subd. (d), § 739.)

It was not found that the minor was a juvenile delinquent, therefore the appeal ''from the finding of the Juvenile Court that she is a juvenile delinquent'' is dismissed.

In all other respects the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.