38 Cal.App.3d 173 (1974)
113 Cal. Rptr. 139
In re MELISSA H., a Person Coming Under the Juvenile Court Law.
HELEN M. HOTELLING, as Chief Probation officer, etc., Plaintiff and Respondent,
v.
SHARON E., Defendant and Appellant.
Docket No. 33342.
Court of Appeals of California, First District, Division One.
March 28, 1974.
*174 COUNSEL
Sam T. Chapman for Defendant and Appellant.
Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Derald E. Granberg and Thomas P. Dove, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
THE COURT
The mother of a minor appeals from an order of the lower court under subdivision (d) of section 600 of the Welfare and Institutions Code declaring the minor a dependent, placing her under the control and custody of the Director of the Napa County Welfare Department, and placing her in the home of the mother. A special finding was entered to the effect that the home involved was "unfit" solely because of the stepfather's acts of sexual molestation while in the home.
*175 (1) Under subdivision (d) of section 600 of the Welfare and Institutions Code, the jurisdiction of the juvenile court extends to any person whose home "is" unfit. The use of the present tense verb indicates an intent that the unfitness exist at the time of the hearing; however, past events can aid in a determination of present unfitness. (In re Morrow (1970) 9 Cal. App.3d 39, 56 [88 Cal. Rptr. 142]; In re Zimmerman (1962) 206 Cal. App.2d 835, 844 [24 Cal. Rptr. 329]; see also Dupes v. Superior Court (1917) 176 Cal. 440, 442 [168 P. 888]; In re Corrigan (1955) 134 Cal. App.2d 751, 756-757 [286 P.2d 32]; In re Van Vlack (1947) 81 Cal. App.2d 838, 842 [185 P.2d 346].)
(2) Evidence considered by the lower court not only established that the stepfather had sexually molested the minor, but that he hoped to be reunited with his family upon his release from the state hospital. Since all reasonable inferences must be indulged in to support the findings and the evidence must be viewed in the light most favorable to the lower court's ruling (In re Luwanna S. (1973) 31 Cal. App.3d 112, 114 [107 Cal. Rptr. 62]), the lower court's determination that the home is unfit must be affirmed. The potential return and resumption of residence in the home by the unfit parent justified the determination that the home was unfit and the best interests of the child were served by making her a ward of the court. (See In re Van Vlack, supra, 81 Cal.App2d at p. 842.)
(3) The lower court's order was clearly based upon the stepfather's past actions and future intentions, and not upon any action or status of the mother. Since the order only "affected" parental custody and control, as opposed to severing the parental relationship completely (see Adoption of R.R.R. (1971) 18 Cal. App.3d 973, 982-983 [96 Cal. Rptr. 308]; In re Zimmerman, supra, 206 Cal. App.2d 835, 842-843), the state's interest in providing for the best interests of the child justified any limited intrusion on the mother's right to maintain legal custody (see City of Carmel-By-The-Sea v. Young (1970) 2 Cal.3d 259, 268 [85 Cal. Rptr. 1, 466 P.2d 225, 37 A.L.R.3d 1313]).
The order is affirmed.