181 Cal.App.3d 1201 (1986)
227 Cal. Rptr. 8
In re RUBY T. et al., Minors.
MONTEREY COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner and Respondent,
v.
MARIE P., Objector and Appellant.
Docket No. H000526.
Court of Appeals of California, Sixth District.
May 6, 1986.
*1202 COUNSEL
Gretchen O. Burford, under appointment by the Court of Appeal, for Objector and Appellant.
Ralph R. Kuchler, County Counsel, and Diane C. Popowski, Deputy County Counsel, for Petitioner and Respondent.
OPINION
BRAUER, J.
Marie P. appeals from a permanency planning order which directed the Monterey County Department of Social Services to file a "free from custody" action under section 232, subdivision (a)(7) of the Civil Code,[1] in regard to her three minor children. She raises various claims *1203 regarding the insufficiency of the showing to support the order. But as Marie P. subsequently relinquished custody of her children voluntarily, we find her appeal to be moot and therefore dismiss it.

BACKGROUND
On March 12, 1982, Marie P.'s three children, Paula, Ruby, and Monica, ages eight and six years, and seven months, respectively, were taken into protective custody by the Salinas Police Department after Marie P.'s boyfriend was observed on a Salinas street corner hitting the eldest child with a belt. Marie P. was present at the time and made no effort to protect her daughter from the attack. Marie P. was arrested and it was discovered that she and the children had been living in a hotel room which had no heat and only minimal bedding. The children were ill-clothed and were often left unsupervised in the hotel room for long periods.
The children were placed in foster care where they remained throughout the entire reunification period, which stretched over three years. During this time Marie P. executed two service agreements with the department of social services, but failed to follow the terms, which included attending counseling sessions, parenting classes and meetings on alcohol abuse. She also failed to obtain adequate housing.
At a permanency hearing on March 20, 1984, the court ordered initiation of proceedings under section 232 to terminate Marie P.'s parental rights. After the petition was filed, Marie P. made some effort to attend parenting and alcoholism classes, and she completed a job training program. At a subsequent hearing on March 5, 1985, however, the court determined that her overall behavior did not demonstrate a willingness to change her lifestyle, and that it would be detrimental to the children to break the bond they had formed with their foster parents. The previous order was reaffirmed and the section 232 proceedings were resumed. On March 19, 1985, Marie P. filed this appeal from the March 5 order.
On the day of the custody trial, July 24, 1985, Marie P. and the foster parents entered into a stipulation in open court. Marie P. agreed to relinquish custody of her three children for adoption by the foster parents. They in turn agreed to allow her to visit the children on Thanksgiving, Christmas, Easter and on each child's birthday. Marie P. was sworn and examined. She was fully aware of the effect of the voluntary relinquishment and the terms of the visitation agreement. A written stipulation, signed by all parties, was filed with the court and an order incorporating the stipulation was entered October 3, 1985. On October 8, 1985, the section 232 action was dismissed without prejudice.

*1204 DISCUSSION
(1) On the same day that Marie P. signed the agreement stipulating to voluntary relinquishment of custody of her children in exchange for visitation rights, she also signed relinquishments pursuant to section 224m, certified copies of which were filed with the State Department of Social Services. Under section 224m this filing renders the relinquishments final.
Since Marie P.'s relinquishments are final, her appeal from the permanency planning order is entirely moot. (2) "[¶] When it appears that a controversy which is the subject of [an order] from which an appeal has been taken no longer exists, it is the duty of the court to dismiss the appeal." (Bollotin v. Workman Service Co. (1954) 128 Cal. App.2d 339, 342 [275 P.2d 599].)
(3) Marie P. takes the position that her appeal is not moot because the agreement to relinquish custody and retain visitation rights is void and unenforceable as contrary to the law. She cites the case of In re Robert J. (1982) 129 Cal. App.3d 894, 904 [181 Cal. Rptr. 188] for support. That case discusses the effect of a judgment terminating parental rights after a section 232 trial, focusing on the following language from section 232.6: "A declaration of freedom from parental custody and control pursuant to this chapter terminates all parental rights and responsibilities with regard to the child." The court found the clear import of this language to be that once judgment is entered, the parent has no enforceable rights of visitation. This would not apply in our case, however, since there was no section 232 judgment, and since Marie P. specifically reserved visitation rights by virtue of an agreement with the adoptive parents.
The Legislature has apparently seen fit to endorse a policy of complete severance of ties after a judicial termination of parental rights. We see nothing unlawful, however, in the affected parties choosing to make different arrangements agreeable to all. The visitation agreement is enforceable, and the relinquishments are final.
The appeal is dismissed as moot.
Agliano, P.J., and Chang, J.,[*] concurred.
NOTES
[1] This section provides in part: "An action may be brought for the purpose of having any child under the age of 18 years declared free from the custody and control of either or both of his or her parents when the child comes within any of the following descriptions: ... [¶] (7) Who has been in out-of-home placement under the supervision of the juvenile court, the county welfare department, or other public or private licensed child-placing agency for a one-year period, if the court finds that return of the child to the child's parent or parents would be detrimental to the child and that the parent or parents have failed during that period, and are likely to fail in the future, to maintain an adequate parental relationship with the child, which includes providing both a home and care and control for the child." All further statutory references are to the Civil Code.
[*] Assigned by the Chairperson of the Judicial Council.