[No. G004541. Fourth Dist., Div. Three. Jan. 26, 1988.]

In re JENNIFER V., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v.
DALE V., Defendant and Appellant.

## COUNSEL

Kenneth J. Sargoy, under appointment by the Court of Appeal, for Defendant and Appellant.

Adrian Kuyper, County Counsel, and Wanda S. Florence, Deputy County Counsel, for Plaintiff and Respondent.

Donna L. Groman, under appointment by the Court of Appeal, for Respondent Minor.

## OPINION

**WALLIN, J.**—A father argues the juvenile court applied the wrong standard of proof at the jurisdictional phase of a child dependency proceeding. We find no error and affirm.

### I

A petition filed May 29, 1986, alleged Jennifer V. was within the jurisdiction of the juvenile court because she was sexually abused by her father and neglected by her mother. (Welf. & Inst. Code, § 300, subd. (d).)[1] On July 29, 1986, at the conclusion of a hotly contested jurisdictional hearing, the court found the allegations of the petition true by a preponderance of the evidence.

On August 19 the parties stipulated to a dispositional order declaring Jennifer a dependent child of the juvenile court, vesting custody in the social services director and releasing Jennifer to the care of her paternal uncle and his wife. Jennifer's father, Dale V., thereafter appealed "from the judgment . . . entered July 29, 1986"—i.e., the jurisdictional order.

### II

Preliminarily, the minor's attorney presents two grounds for dismissal of the appeal. First, she contends the jurisdictional order itself is

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

nonappealable. Second, she argues Dale V.'s stipulation to the dispositional order bars him from claiming error in the dependency proceedings.

■ The first argument for dismissal is easily answered. While the jurisdictional order is not an appealable final judgment, any errors in the jurisdictional phase of the proceedings are reviewable on appeal from the dispositional order. (*In re Gregory M.* (1977) 68 Cal.App.3d 1085, 1089-1090 [137 Cal.Rptr. 756]; see also *In re Kelvin M.* (1978) 77 Cal.App.3d 396, 399 [143 Cal.Rptr. 561].) We construe the notice of appeal as from that final order, recognizing that "[a] notice of appeal shall be liberally construed in favor of its sufficiency." (Cal. Rules of Court, rule 1(a); see also *Knodel* v. *Knodel* (1975) 14 Cal.3d 752, 762 [122 Cal.Rptr. 521, 537 P.2d 353].)

The second problem is more nettlesome. ■ Counsel for the minor correctly points out that a party may not appeal from an order or judgment entered pursuant to stipulation. (*Lawler* v. *Bannerman* (1970) 8 Cal.App.3d 893, 894 [87 Cal.Rptr. 756].) But she fails to establish that stipulation to a dispositional order necessarily implies consent to the antecedent *jurisdictional* order.[2] Nor is that proposition self-evident. The dispositional phase of dependency proceedings is akin to the sentencing phase of criminal proceedings. (See *In re Kelvin M., supra,* 77 Cal.App.3d 396, 399.) By accepting a sentence of probation, a convicted defendant does not waive the right to appeal the conviction itself. Likewise, a parent should be able to accede to a dispositional order and so facilitate family reunification—a principal goal of the dependency case—without waiving the right to challenge the underlying order establishing court jurisdiction over the child in the first place. Only in the event of an unambiguous stipulation to the jurisdictional findings would we find a waiver of that right. (See *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].)

At the dispositional hearing the parties filed a form stipulation, filling in the appropriate boxes and blank lines. The stipulation recited that Jennifer was a dependent child under section 300, subdivision (d), and, "Pursuant to Sec. 361 (b)(1) (4) of the W & I Code, to vest custody with parents would be detrimental to the minor . . . ." The remainder of the stipulation dealt with provisions for custody and placement.

---

[2] In support of her argument counsel mistakenly relies on *In re Ruby T.* (1986) 181 Cal.App.3d 1201 [227 Cal.Rptr. 8]. In that case a mother, facing court-ordered proceedings to terminate her parental rights under section 232 of the Civil Code, stipulated to relinquish custody of her three minor children to their foster parents for adoption in exchange for visitation rights. She executed relinquishments as to each child on the same day she signed the written stipulation. Her subsequent appeal of the court order to begin the 232 proceedings was dismissed as moot on the grounds that the agreement between the mother and foster parents was valid and "enforceable" and the voluntary relinquishments were "final." (*Id.,* at p. 1204.) That narrow holding does not resolve the issue before us.

On its face the stipulation contains no parental admission of the truth of the jurisdictional allegations of child abuse and neglect. Troubling, of course, is the reference in the stipulation to section 361, subdivisions (b)(1) and (4)—provisions authorizing the out of home placement of minors in danger of physical and sexual abuse by their parents. But, again, there is no explicit admission that Jennifer was so abused. Absent such an admission, we cannot find Dale V. waived his right to challenge the jurisdictional findings. Thus we deny the motion to dismiss the appeal.

### III

Dale V. asserts only one error in the proceedings below. ■ He argues the court should have required the jurisdictional allegations be proved by clear and convincing evidence rather than a preponderance of the evidence. Brushing aside a statute specifically requiring the lesser standard of proof for jurisdictional findings (§ 355), Dale V. contends the clear and convincing standard is necessary to protect the "fundamental" interest in "family integrity."

Implicit in this argument is a misconception about the nature of dependency proceedings. A finding that a child is within the jurisdiction of the juvenile court does not result automatically in interference with family integrity. Rather, the jurisdictional finding is a prerequisite to advancing the case to the dispositional phase—where such interference can obtain. However, the court's dispositional choices range from allowing the parents to retain custody and ordering "that services be provided to keep the family together" (§ 360, subd. (a)) to depriving the parents of physical custody of the child (§ 361, subd. (b)).

It is at the dispositional phase of dependency proceedings that the clear and convincing evidence standard *may* come into play. A child may not be removed from the physical custody of a parent or guardian absent clear and convincing evidence of abuse or neglect. (See § 361, subd. (b).) Like jurisdictional orders, dispositional orders *not* involving out-of-home placement only require support by a preponderance of the evidence. (*In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1114 [200 Cal.Rptr. 789]; *In re Bernadette C.* (1982) 127 Cal.App.3d 618, 623-624 [179 Cal.Rptr. 688].)

Dale V. cites several cases holding the clear and convincing standard applicable at the jurisdictional phase (*In re Phillip B.* (1979) 92 Cal.App.3d 796 [156 Cal.Rptr. 48]; *In re Fred J.* (1979) 89 Cal.App.3d 168 [152 Cal.Rptr. 327]; *In re Robert P.* (1976) 61 Cal.App.3d 310 [132 Cal.Rptr. 5]). Not only are these cases at odds with section 355 and the weight of decisional authority, but at the heart of each case is a court engaged in a

dispositional, rather than jurisdictional, inquiry. The issue in both *In re Fred J.* and *In re Robert P.* was whether a child should be removed from the custody of his parents. In *In re Phillip B.* the court had to decide whether to order surgery for a minor over parental objections.

We choose to follow the majority rule that the standard of proof required for finding jurisdiction is a preponderance of the evidence. (See, e.g., *In re Cheryl H., supra,* 153 Cal.App.3d 1098, 1112; *In re Bernadette C., supra,* 127 Cal.App.3d 618, 623-624; *In re Nicole B.* (1979) 93 Cal.App.3d 874, 882 [155 Cal.Rptr. 916].) "Indeed, it would be a barbaric system which decreed a more stringent standard with respect to the simple finding of dependency. Is a court to do nothing if a preponderance of the evidence convinces it that a child is living in 'an unfit place . . . by reason of neglect, cruelty, depravity, or physical abuse . . . ?'" (*In re Lisa D.* (1978) 81 Cal.App.3d 192, 196 [146 Cal.Rptr. 178].)

Judgment affirmed.

Sonenshine, Acting P. J., and Crosby, J., concurred.