Filed 3/1/13  In re Brandon F. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re BRANDON F., a Person Coming Under the Juvenile Court Law. | D062317 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. EJ3374C) |
| v. | |
| TONY M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Laura J. Birkmeyer, Judge.  Dismissed.

Tony M. appeals an order summarily denying his Welfare and Institutions Code[1] section 388 petition in which he requested the court invalidate all previous dependency orders regarding his son, Brandon F., and return the case to the dispositional phase.  He contends the court was required to consider section 361.2 and to grant custody to him absent a showing of

---

[1]     Statutory references are to the Welfare and Institutions Code.

detriment, the court erred by concluding he is not Brandon's father under *Adoption of Kelsey S.* (1992) 1 Cal.4th 816 (*Kelsey S.*), and it erred by denying his petition without a hearing. Because a subsequent order terminating Tony's parental rights is now final, we dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2011, two-month-old Brandon and his siblings were taken into protective custody when their mother, S.D., left them with a relative without providing food or authorization for education or medical care. At the detention hearing, S.D. stated she did not know the identity or whereabouts of Brandon's father.

The court declared Brandon a dependent of the court, removed him from S.D.'s care, ordered him placed in foster care and ordered reunification services for S.D.

At a hearing on January 11, 2012, the court terminated S.D.'s services and set a section 366.26 hearing. S.D. then identified Tony as Brandon's father, and the court located him in federal prison. His proposed release date was September 29.

A paternity test showed Tony is Brandon's biological father. He filed a section 388 petition, said he wanted custody and requested the court grant him status as Brandon's father under *Kelsey S.*

At the hearing on July 5, 2012, the court entered a judgment of paternity. It summarily denied Tony's section 388 petition, denied his request to be designated a *Kelsey S.* father and set a section 366.26 hearing. Tony appeals.

At the section 366.26 hearing on August 3, 2012, the court terminated parental rights.[2] Tony did not appeal this order.

## DISCUSSION

When an appeal has become moot the reviewing court must dismiss the appeal. (*In re Ruby T.* (1986) 181 Cal.App.3d 1201, 1204.) An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316.)

The order terminating parental rights is now final. Thus, this court cannot grant Tony any effective relief. (See *In re Albert G.* (2003) 113 Cal.App.4th 132, 134-135.) Moreover, the issues presented in the appeal regarding his section 388 petition and the qualifications of a *Kelsey S.* father do not qualify as issues of first impression or continuing public interest because they are well settled in established law. The appeal is dismissed as moot.

## DISPOSITION

The appeal is dismissed.

McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

NARES, J.

---

2      We take judicial notice of the August 3, 2012, juvenile court order terminating parental rights.

3