Filed 12/24/14  In re Jocelyn G. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re JOSELYN G., a Person Coming Under the Juvenile Court Law. | D066027 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ14619B) |
| v. | |
| GLORIA G., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael J. Imhoff, Commissioner.  Dismissed.

Monica Vogelmann, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

Gloria G. appeals a juvenile court order denying a Welfare and Institutions Code section 388[1] petition by her daughter's de facto parent, which sought the child's return to the de facto parent's home. We dismiss the appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2012, the San Diego County Health and Human Services Agency (the Agency) petitioned under section 300 on behalf of Gloria's four children, alleging they had been exposed to violent confrontations in the family home between Gloria and the maternal grandmother, and Gloria had an extensive history of referrals to child protective services for child abuse and neglect. This appeal concerns only one of the children, Joselyn G., who is now five years old.

The Agency subsequently filed amended petitions, adding that Gloria could not provide regular care because of her substance abuse. The court found the allegations of the petitions to be true, declared the children dependents and ordered services.

Joselyn was placed in the foster home of Heather C. In May 2013, the court granted Heather's application to be named Joselyn's de facto parent. In October, it was learned that Heather's former employer had alleged Heather had embezzled funds, and an investigation was ongoing in Riverside County. Authorities reported Heather had been

---

[1] Statutory references are to the Welfare and Institutions Code.

arrested and released on her own recognizance in January and, in February, a felony complaint advised her she was being charged with embezzlement. Heather had attended several hearings, and the deputy district attorney reported there was enough evidence to proceed to trial. The Agency removed Joselyn from Heather's care and placed her in a prospective adoptive home.

Meanwhile, Gloria received reunification services for 12 months, but made only minimal progress. In November 2013, the court terminated her services and set a hearing to determine a permanent plan.

In March 2014, Heather petitioned under section 388, seeking Joselyn's return and that she be designated a nonrelated extended family member. She argued she expected the charges to be dropped, and return to her care was in Joselyn's best interests. Gloria also filed a petition, requesting the same relief, but then withdrew her petition.

The social worker and Joselyn's attorney opposed the motion. The prospective adoptive parent said Joselyn reported Heather had hit her and locked her a dark room. Joselyn told the social worker she did not want to return to Heather's home. A visit in January 2014 was terminated early because Gloria brought Heather to the visit and said Heather was a social worker. In April, Gloria filed a new section 388 petition, asking that Joselyn be returned to Heather. The court dismissed Gloria's petition without prejudice.

After an evidentiary hearing on Heather's petition, the court denied the petition, finding Heather had established changed circumstances in that the charges against her had been dropped. The court praised Heather's care of Joselyn, but determined granting

3

the petition would not be in Heather's best interests because it would not benefit her to move her from the prospective adoptive home.

## DISCUSSION

We grant the Agency's unopposed motion for judicial notice of the court's order of July 8, 2014, terminating Gloria's parental rights. Gloria did not appeal this order. It is now final, and her appeal from the court's denial of Heather's section 388 petition is moot.

When an appeal has become moot the reviewing court must dismiss the appeal. (*In re Ruby T.* (1986) 181 Cal.App.3d 1201, 1204.) An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316.)

Because the order terminating Gloria's parental rights is final, this court cannot grant her any effective relief. (*In re Albert G.* (2003) 113 Cal.App.4th 132, 134-135.) The appeal is dismissed as moot.

## DISPOSITION

The appeal is dismissed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.