[S. F. No. 3267.    Department Two.—September 25, 1903.]

## In the Matter of the Guardianship of MARY E. DANIELS, an Incompetent Person.

GUARDIAN AND WARD—INCOMPETENT PERSON—FINDINGS—DEFINITION— IMMATERIAL CONSTITUTIONAL QUESTION.—Where the petition for the guardianship of an alleged incompetent person proceeds upon unobjectionable sections of the Code of Civil Procedure · relating thereto, and the findings of the court, sustained by sufficient evidence, support the petition, it is immaterial whether the definition of an incompetent person, enacted in section 1767 of the Code of Civil Procedure, in 1891, is unconstitutional; and the fact that the court in a subsequent finding followed that definition cannot affect its other findings which support the petition.

ID.—TESTIMONY OF ATTENDING PHYSICIANS—PRIVILEGED COMMUNICATIONS—WAIVER OF OBJECTION.—Any error in the rejection of the offered testimony of the attending physicians of the alleged incompetent person, is not prejudicial, where, upon her subsequent written waiver and consent, the court permitted the witnesses to testify, and they testified in her favor.

ID.—CROSS-EXAMINATION.—Questions asked as to the ability of the appellant to take care of her property, upon cross-examination of the attending physicians, who had testified as to her competency, were in the bounds of proper cross-examination; and where the answers to them were not prejudicial to the appellant, they cannot constitute ground for reversal.

APPEAL from an order of the Superior Court of the City and County of San Francisco appointing a guardian of an alleged incompetent person. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Alfred Fuhrman, for Appellant.

Section 1767 of the Code of Civil Procedure, defining an incompetent person, is unconstitutional, as being an effort of the legislature to exercise judicial functions. (Cooley on Constitutional Law, 6th ed., p. 113; *City of Oakland* v. *Oakland Water-Front Co.*, 118 Cal. 160; *Governor* v. *Porter*, 5 Humph. 165; *Lincoln Building etc. Assn.* v. *Graham*, 7 Neb. · 173; *Planters' Bank* v. *Black*, 11 Smedes & M. 43; *Files* v. *Fuller*, 44 Ark. 273; *Gough* v. *Pratt*, 9 Md. 526; *Salters* v.

*Tobias,* 3 Paige, 338.) Section 1763 of the Code of Civil Procedure contemplates insanity or mental incompetency. (*Brown's Estate,* 45 Mich. 326; *North* v. *Joslin,* 59 Mich. 624, 646; *Storick's Guardianship,* 64 Mich. 685; *Partello* v. *Holton,* 79 Mich. 372; *In re Vananken,* 10 N. J. Eq. 194; *Earl* v. *Norfolk etc. Co.,* 36 N. J. Eq. 190; *York's Estate,* 185 Pa. St. 63; *In re Nancy Tempest,* 10 Ohio St. 501; *Fairfield* v. *Gullifer,* 49 Me. 360;[1] *Hovey* v. *Chase,* 52 Me. 314;[2] *Wright* v. *Jackson,* 59 Wis. 569.)

Sullivan & Sullivan, and Myrick & Deering, for Respondents.

The findings under sections 1763 and 1764 of the Code of Civil Procedure are sufficient to sustain the judgment, irrespective of section 1767. But section 1767 is not unconstitutional. The legislature may construe a statute. (Endlich on Interpretation of Statutes, sec. 365; Sutherland on Statutory Construction, sec. 402.)

McFARLAND, J.—This is a proceeding on petition of Margaret Halpin, instituted for the purpose of having a guardian appointed of the person and estate of Mary E. Daniels, alleged to be an incompetent person. The trial court found in favor of petitioner, and made an order appointing the Union Trust Company as such guardian. The contestant, Mrs. Daniels, appeals from the "minute-book order" appointing the guardian, and from "the judgment, or order, entitled 'findings and conclusions of law,'" appointing such guardian; and also from an order denying her motion for a new trial. Respondent contends that the real judgment which was entered pursuant to the findings is not in the transcript, and that there is no appeal here to be considered except the one from the order denying the motion for a new trial; but as this matter is, under our views of the case, immaterial, we will assume that there is a proper appeal from the order, or judgment, appointing the guardian.

It is averred in the petition that "said Mary E. Daniels now is, and for more than one year last past has been, insane and mentally incompetent to manage her property and incapable of taking care of herself"; and it was found by the

----

[1] 77 Am. Dec. 265.          [2] 83 Am. Dec. 514.

court that "on the date of filing said petition said Mary E.
Daniels was, ever since has been, and for more than one year
prior to the filing of said petition was mentally incompetent
to manage her property and incapable of taking care of her-
self or managing her property"; and that "said Mary E.
Daniels is not, and at the time the petition was filed was not,
and for more than one year before the date of filing said peti-
tion was not capable of managing her property or estate."
The evidence as to these matters was no doubt somewhat con-
flicting, but it clearly supports the finding, and this being so,
the judgment and order must be affirmed unless the court
below committed some prejudicial error of law in arriving at
its conclusion.

The main contention of counsel for appellant, in support of
which there is much elaborate argument and copious citation
of authorities, is, that section 1767 of the Code of Civil Pro-
cedure, enacted in 1891, is unconstitutional; but we are un-
able to see how this contention, if maintainable, could affect
the case at bar or be ground for a reversal. The appointment
of guardians "of insane and other incompetent persons" is
provided for in the Code of Civil Procedure from section 1763
to 1767 inclusive. Section 1763 provides that when it appears
from a verified petition of any relative or friend "that any
person is insane, or from any cause mentally incompetent to
manage his property," a notice must be given, etc.; and sec-
tion 1764 provides that if, after a hearing, etc., it appears to
the court, "that the person in question is incapable of taking
care of himself and managing his property, such court must
appoint a guardian," etc. Section 1767 is as follows: "Defi-
nition of incompetent.—The phrase 'incompetent,' 'mentally
incompetent,' and 'incapable,' as used in this chapter, should
be construed to mean any person who, though not insane, is,
by reason of old age, disease, weakness of mind, or from any
other cause, unable, unassisted, to properly manage and
take care of himself or his property, and by reason thereof
would be likely to be deceived or imposed upon by artful or
designing persons." And appellant contends that this section
is unconstitutional for various reasons, and particularly be-
cause it is an attempt by the legislature to construe former
statutes, and thus usurp judicial functions, it being solely the

province of the judiciary to interpret statutes. But in the
petition in the case at bar there is no reference to section 1767;
and the findings of the court above referred to show a clear
case within the preceding sections of the code above quoted.
The fact that the court in a subsequent finding also found that
the appellant has been, "by reason of weakness of mind, un-
able, unassisted, to properly manage and take care of herself
or her property, and would be likely to be deceived and im-
posed upon by artful or designing persons," is immaterial,
and does not affect the former finding. The judgment would
still be right if it should be held that, as an abstract proposi-
tion, section 1767 is unconstitutional.

There are some exceptions to rulings of the court on admis-
sibility of evidence; but they do not show any ground for
reversal. The exceptions are very briefly referred to in the
points and authorities, most of the references being to excep-
tions designated by numbers in the transcript, and they are
difficult to follow. The main exceptions are to the rulings of
the court sustaining objections to offered testimony of con-
testant's attending physicians, Ragan and Rottanzi, upon the
ground of privileged communications, under subdivision 4 of
section 1881 of the Code of Civil Procedure. But these rul-
ings, even if conceded to be erroneous, were not prejudicial,
because afterwards a written waiver and consent executed by
contestant was filed, whereupon the court overruled the objec-
tions and the said physicians testified. A similar objection was
made to the testimony of Dr. McCue, another attending physi-
cian; and the court ruled that his testimony should be con-
fined to opinions founded upon communications had with the
contestant in the presence of other persons; and the witness
being asked, "What is your opinion regarding her mental con-
dition?" and being instructed by the court as above stated,
answered, "I consider her of sound mind, and have always con-
sidered her so ever since I have known her since the first day
of June, 1901." Evidently, therefore, appellant was not
prejudiced by the ruling. Moreover, the witness could have
been recalled, if appellant thought it advisable, as the other
physicians were, after the filing of the waiver and consent
above noticed.

Appellant excepted to rulings of the court allowing re-
spondent to ask questions of contestant's attending physi-

cians, touching her ability, unassisted, to properly take care of herself and to take care of her property, the contention being that by these questions the judgment of the physician was substituted for the judgment of the court. But these questions were asked in cross-examination of contestant's witnesses who had testified as to her competency, and were within the legitimate bounds of proper cross-examination. Moreover, the answers were not prejudicial to appellant. We see no prejudicial error in the other rulings excepted to, and do not deem it necessary to notice them in detail.

The judgment and orders appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.