MARY BURKE, as Administratrix, etc., of THOMAS BURKE, Deceased, Respondent, v. HYGRADE COAL COMPANY, Appellant.— Motion for stay denied. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

In the Matter of CAROLINE PELGRAM FLEMING, etc., an Incompetent Person. ETHEL M. COLSON, NAOMI L. PELGRAM and ALFRED E. OMMEN, as One of the Trustees, etc., of ELIZA M. PELGRAM, Deceased, Appellants. HENRY S. FLEMING, as Committee, etc., of CAROLINE P. FLEMING, an Incompetent Person.— Motion for reargument of motion of Mary Ryan for leave to intervene as a party appellant, granted, and, on reargument, motion for leave to intervene denied, upon the ground that the applicant has no interest in the order appealed from which constitutes her an aggrieved party to whom only the right of appeal is given. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

In the Matter of CAROLINE PELGRAM FLEMING, etc., an Incompetent Person. ETHEL M. COLSON, NAOMI L. PELGRAM and ALFRED E. OMMEN, as One of the Trustees, etc., of ELIZA M. PELGRAM, Deceased, Appellants. HENRY S. FLEMING, as Committee, etc., of CAROLINE P. FLEMING, an Incompetent Person.— Motion to dismiss appeal granted, with costs. By the death of the alleged incompetent the proceedings abated. (*Matter of Beckwith*, 87 N. Y. 503, 508; *Carter* v. *Beckwith*, 128 id. 312, 321.) The theory of the appellants that the proceedings contain a libelous statement in setting forth that relatives of the alleged incompetent died insane does not give the appellants the right to continue this appeal. The matter of expunging this statement was before the Special Term when the commitment was vacated. That order should have expunged the statement if it was subject to such a ruling. As it did not, and as the order was not resettled nor an appeal taken therefrom, that concludes the appellants even if the matter were something with which they are concerned. They may not proceed civilly on the theory that they are harmed by a libel published of the dead. (*Sorensen* v. *Balaban*, 11 App. Div. 164, 167; *Wellman* v. *Sun Printing & Pub. Assn.*, 66 Hun, 331.) The appellants are in no wise parties " aggrieved " within the meaning of the Civil Practice Act (§ 557) giving a right of appeal to " a party aggrieved." Appeals are to be taken only by those who are aggrieved in the sense that they have a direct interest in the controversy, which is affected by the result (*Isham* v. *N. Y. Assn. for Poor*, 177 N. Y. 218, 222); and in our opinion the appellants do not bear any such relation to the controversy. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.