[L. A. No. 14368.   In Bank.—August 31, 1934.]

In the Matter of the Guardianship of the Estate of CARRIE C. CROSSLEY, an Incompetent Person.   CARRIE C. CROSSLEY, Appellant, v. ELIZABETH S. ELIEL, Respondent.

Charles J. Wendland for Appellant.

Elliot Gibbs for Respondent.

WASTE, C. J.—This is an appeal from an order declaring appellant "mentally incompetent and incapable of taking care of or managing her property", and appointing a guardian of her estate, but not of her person. Since taking the appeal the ward has died. Respondent has filed herein a copy of the death certificate and suggests that the appeal be dismissed for the reason that the issue as to appellant's competency became moot by her death.

Preliminarily, we do not hesitate to state that we have examined the appeal on its merits and find nothing suggesting a reversal of the order. However, the proceeding being personal in character abated with the death of

the ward. If the order should be reversed, the guardianship hearing could not be retried. Examination of the authorities discloses similar instances wherein appeals from adjudications of incompetency were dismissed because of the death of the ward pending appeal. (*In re Fleming*, 223 App. Div. 849 [228 N. Y. Supp. 544]; *Palmer* v. *Wolf*, 178 Iowa, 932 [160 N. W. 285].) See, also, *Estate of King*, 43 Cal. App. 307, 308 [184 Pac. 964].

However, as in *Palmer* v. *Wolf, supra,* and in order to preclude any incidental effect of an adjudication of incompetency upon estate proceedings, the appeal is dismissed without prejudice.

Preston, J., Curtis, J., Spence, J., *pro tem.,* and Shenk, J.; concurred.