**Allie Reese MASON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1955.

John W. Coomes, New Castle, for appellant.

Bernard Davis, Shelbyville, for appellee.

STANLEY, Commissioner.

A proceeding was instituted in the Shelby Circuit Court in the name of the Commonwealth to inquire into the mental state of Mrs. Allie Reese Mason, an elderly widow. She resisted the inquisition. The verdict was that Mrs. Mason was "incompetent to manage her affairs." It was not wholly responsive to the instruction which called upon the jury to say whether she was "so mentally ill and mentally defective as to be unable and incompetent to manage her own estate" and "how long she has been in that condition", and some details as to her age and amount of her estate. The form of such instruction is given in KRS 202.140. The verdict went beyond the inquiry and gratuitously reported, "We further find that all property and value possessed by Allie Reese Mason as of July 27, 1954, should be reverted to her name." The judgment, however, only adjudged that Mrs. Mason "is a mentally ill person and by reason thereof is incompetent to manage her estate" and directed the county court to appoint a committee for her.

An appeal from the judgment was duly prosecuted to this court by Mrs. Mason and the case was submitted June 10, 1955. The appellee, the Commonwealth, has filed a

motion to dismiss the appeal as being moot since the appellant died June 25, 1955.

The attorney for the appellant resists the motion and invokes the rule that the death of a party subsequent to the date of submission does not abate the appeal. Barger v. Barger, 151 Ky. 234, 151 S.W. 406. The real point is not abatement of the appeal but whether the question has become moot, that is, the question of whether the judgment is erroneous or is good has become moot because of the death of the subject of the inquest. There is no party appellant other than the deceased.

In the Barger case, after submission of an appeal by a wife from a judgment denying her a divorce and alimony, the husband died. We dismissed the appeal because the question had become moot, for, obviously, there could be no divorce or judgment of alimony against a dead husband. The attorney of the deceased appellant claims the present case is different because it is right and just that the "stigma of incapacity" should be removed and because the deceased before the adjudication had distributed her property (worth about $100,000) to three of her children to the exclusion of a fourth child. It appears that the inquest into the mother's mental state was instituted because her deeds and transfers of porperty are being challenged and in order to restrain her from disposing of other property.

It is a well established rule that review proceedings are entertained only to correct errors injuriously affecting the rights of some party to the litigation; accordingly, an appeal will be dismissed if the question has become moot or academic or if without any fault of the appellee an event has occurred which makes a determination ineffectual or unnecessary except in some cases where the question involves a substantial public interest. Brown v. Baumer, 301 Ky. 315, 191 S.W.2d 235; 3 Am.Jur., Appeal and Error, Sec. 733; 5 C.J.S., Appeal and Error, §§ 1455, 1893, pp. 35, 1382.

In Drury v. Drury, Ky., 246 S.W.2d 981, the issue of mental incapacity of the grantor was raised in an action to cancel his deeds of conveyance. The jury found the grantor to be incompetent to manage his estate and a committee was appointed for him for the purpose of defending the suit. After the appeal was perfected but before submission, the party died and we dismissed the appeal. The question was the validity of the appointment of the committee. There is a little difference between that case and the one at bar.

The case of In re Gensemer's Estate, 170 Pa. 96, 32 A. 561, 563, presented a situation like we have here, and the opinion is persuasive. In connection with a suit to set aside a transfer of property by Gensemer, his daughter instituted proceedings to have him declared insane. Following the course of the statutory provisions, a commissioner appointed to inquire into the truth of the averments of the petition reported that Gensemer was of unsound mind and had been for the preceding five years. The report was confirmed nisi (which we understand means to take effect at a given time unless before that date it is modified or avoided in further proceedings. Black's Law Dictionary). A traverse was timely filed. Gensemer died before trial of the traverse. On motions the trial court quashed the traverse but declined to set aside the finding of mental incompetency. On appeal of this ruling it was contended that insofar as the finding affected any right of the decedent's heirs arising from the transfer of his property, the case survived and should have been tried since the finding of incompetency may be introduced as prima facie evidence of the invalidity of the conveyances and transfers. The Pennsylvania Supreme Court held that the statute contemplated a trial during the life of the party whose mental state was under inquiry and that there could be no trial or review of the inquisition or determination thereof after the subject's death any more than there could have been initially after he had died. The court regarded the whole object of the proceeding to be the protection of the party's estate and the care of his person; hence, the proceeding was a purely personal one and it necessarily ter-

minated on his death. It followed, therefore, said the Court, that the trial court was right in holding it had no further jurisdiction to proceed with the traverse and that the nisi decree confirming the inquisition should stand, "for, although assailed, it was not shaken by an adverse judgment."

In Sabin v. Commonwealth, 233 Ky. 636, 26 S.W.2d 506, we observed that insanity inquests generally involve personal restraint or liberty, and to that extent they are regarded as quasi criminal proceedings.

It was held in Moberly v. Powell (Powell v. Walker), 229 Mo.App. 857, 86 S.W.2d 383, where on appeal an insanity inquiry was tried de novo, that the death of one adjudged insane terminated the inquiry since a lunacy inquest is a proceeding in personam by the state.

Mrs. Mason, the party whose condition of mind was under inquiry in the circuit court and who appealed the judgment so peculiarly personal and private, having died and there being no other party appellant, the question before us as to whether the judgment is correct or not has become moot.

Concerning the suggestion of removal of a stigma upon the deceased: mental infirmity is no stigma. In re Fleming, 223 App.Div. 849, 228 N.Y.S. 544, it was held that relatives of a deceased person who had been adjudged insane could not maintain an appeal on the theory that they were harmed by an alleged libelous statement in the lunacy proceeding that some of the deceased's relatives had been insane.

It may be observed that where a person convicted of a criminal offense dies pending his appeal, even after submission of a case, the appeal will be dismissed and a judgment of reversal will not be entered nunc pro tunc as of the time of submission. 3 Am.Jur., Appeal and Error, Sec. 733. Cf. Hudspeth v. Commonwealth, 204 Ky. 606, 265 S.W. 18.

We are of opinion that the appeal should be and it is dismissed.