**CIVIL SERVICE COMMISSION et al.,**
**Appellants,**

v.

**Carl TANKERSLEY, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1959.

Herman E. Leick, Corbin, for appellants.

Charles B. Upton, Williamsburg, for appellee.

STANLEY, Commissioner.

After a hearing the Civil Service Commission of Corbin sustained charges that Carl Tankersley, Tax Collector and Treasurer of the city, had failed to account for funds received by him and dismissed him from the position or office. Tankersley appealed the action to the Whitley Circuit Court. KRS 90.370. Upon a de novo trial the court: (1) found the evidence submitted in support of the charges to be "speculative, vague, indefinite and uncertain, and the Court cannot determine or adjudge from such testimony that an actual cash shortage exists or existed as claimed and set out in the charges" and, therefore, found "that no actual cash shortage exists in" Tankersley's accounts; (2) set aside the decision and judgment of the Commission. A third paragraph of the judgment recites that Tankersley had testified "that he had no desire to be reinstated as Collector-Treasurer of the City of Corbin and

would not return to work at said position, said fact is now and hereby noted of record and a vacancy declared to exist in said office." The Commission and its members have appealed from the judgment excepting that part which declared a vacancy to exist in the office.

The appellee has moved to dismiss the appeal because it involves a moot question; and further, should the court regard it otherwise, that the only question could be the appellee's right to seek to recover against the City of Corbin the amount of his salary for the period between his discharge and the judgment, which would amount to $1,650, and there has been no motion for an appeal as required by KRS 21.080.

The appellants respond that the vacancy in the office created by a reason unrelated to the charges preferred and issues involved in the case does not make the questions moot. They add that there is no actual question involved as to any possible right of the appellee to seek recovery of back salary.

■ The Board of Civil Service Commissioners established by Corbin, a city of the third class (KRS 81.010), is empowered to dismiss an employee after a hearing. KRS 90.360. The end in this case was to accomplish the dismissal of the employee if he was guilty of the charges preferred against him. The Commission prevailed by causing the retirement of the accused, although it was apparently voluntary. While it is understandable that the Commission wants to be justified in its action by a decision of the case on the merits, the justification would not determine any legal right. A determination by this court that the Commission was justified would be of an academic proposition. In order for a party to maintain an appeal from a judgment it is essential that he shall be aggrieved or prejudiced by the judgment, for appeals are not allowed for the purpose of settling academic or moot questions however interesting or desirable such dis-

position may be. Only parties to litigation who have rights that may have been erroneously injured or rights which may be enforced by law in whole or in part by obtaining a reversal of a judgment are entitled to maintain an appeal. Maddox v. Giltner, 226 Ky. 578, 11 S.W.2d 426; Mason v. Commonwealth, Ky., 283 S.W.2d 845, 54 A.L.R.2d 1158. 2 Am.Jur., Appeal in Error, § 152; 3 Am.Jur., Appeal in Error, § 733.

■ We agree with appellants' statement that there is no actual collateral or dependent issue in this proceeding. The particular and sole question was whether the appellee was properly or improperly dismissed from his employment. He settled the question by the equivalent of a resignation. The controversy ceased to exist. The City of Corbin, it may be observed, was not a party to the proceeding.

We are of the opinion that the appeal should be and it is dismissed as involving a moot question.

Appeal dismissed.