[Civ. No. 10547. Third Dist. Sept. 20, 1963.]

VIVIAN MINOR, Plaintiff and Appellant, v. VELMA LAPP
et al., Defendants and Respondents.

Richard H. Perry for Plaintiff and Appellant.

Robinson & Robinson, Robinson, Robinson & Maxwell and D. R. Robinson for Defendants and Respondents.

THE COURT.—██ Appellant sought and was denied a writ of prohibition in the superior court to prevent the Board of Trustees of the Auburn Union Elementary School District, by whom she was employed, from proceeding with a hearing on charges of misconduct brought against her. She filed the present appeal from the judgment denying the writ. Meanwhile the school trustees conducted a hearing on the charges and ordered appellant's dismissal. She then filed a mandate proceeding in the superior court to review the latter order.

Respondents have moved to dismiss the appeal in the prohibition proceeding as being moot. Appellant opposes the motion on the ground *inter alia* that dismissal of the appeal will reinstate the lower court judgment in the prohibition proceeding, which will then become res judicata, preventing her from litigating issues in the mandate proceeding.

Prohibition arrests threatened proceedings. It does not lie if the proceedings are completed and nothing remains to be restrained. (3 Witkin, Cal. Procedure, § 29, p. 2499.) Consequently, the prohibition action, including this appeal, is now moot. ██ When, pending appeal from a judgment of a lower court, the issues have become moot by subsequent acts through no fault of the appellant, an appeal will be dismissed because a reversal will be without practical effect. (*County of Los Angeles* v. *Butcher*, 155 Cal.App.2d 744 [318 P.2d 838] ; *Consolidated Vultee etc. Corp.* v. *United Auto. etc. Workers*, 27 Cal.2d 859 [167 P.2d 725] ; 3 Witkin, Cal. Procedure, § 162, p. 2350.)

Perhaps, treating the proceedings in which the appeal is taken as bearing some label other than ''prohibition'' we might still hear this appeal if there were any compelling reason to do so. We find none.

Were we to retain the proceedings on appeal we could decide only the jurisdictional question raised. A proceeding, as stated above, is now pending in the superior court in which this, as well as all other questions involved in the discharge of this employee, can be determined. Litigation should not suffer piecemeal adjudication. We see no reason why the question raised on this appeal cannot be determined in the pending superior court action along with the other questions there involved.

As stated above, appellant argues that if the appeal were dismissed the judgment appealed from would become res judicata. The argument is unsound. The sole question raised in the prohibition proceeding was whether the board had power to hear and determine complaints against appellant. That question goes to the basic jurisdiction of the board. If it had no jurisdiction, both its action and the judgment are void and neither is res judicata. (*Balaam* v. *Perazzo*, 211 Cal. 375 [295 P. 330]; *California Nat. Supply Co.* v. *Flack*, 183 Cal. 124 [190 P. 634].)

Moreover, to preclude any possible claim of application of res judicata we dismiss without prejudice. As stated in subdivision (2) of section 69 of the Restatement of Judgments, ''Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is ... moot, the judgment is not conclusive against him in a subsequent action on a different cause of action.'' This rule has been followed in several jurisdictions. (See 157 A.L.R. 1038, 1045; 30A Am.Jur., Judgments, § 345, p. 387; but see *United States* v. *Munsingwear, Inc.*, 340 U.S. 36 [71 S.Ct. 104, 95 L.Ed. 36], for the federal practice.)

Section 955 of the Code of Civil Procedure states that ''The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal.'' By implication this section accepts the rule enunciated above where the appeal is dismissed without prejudice. (See also *Guardianship of Crossley*, 1 Cal.2d 460 [35 P.2d 513].)

What we have said is not to be construed as passing on the effect of our decision of *Lapp* v. *Superior Court*, 205 Cal. App.2d 56 [22 Cal.Rptr. 839], on the proceeding now pending in the superior court.

The appeal is dismissed without prejudice.