James M. SHARP, Sr., Appellant,

v.

H. C. ROBINSON et al., Appellee.

Court of Appeals of Kentucky.

March 12, 1965.

Frank S. Ginocchio, Lexington, for appellant.

Harbison, Kessinger, Lisle & Bush, Lexington, John S. Grimes, Indianapolis, Ind., for appellee.

MOREMEN, Chief Justice.

Appellant instituted this action against Central District Warehousing Corporation, hereinafter called the Corporation, and the remaining members of its Board of Directors. The action sought a permanent injunction to prohibit the Board of Directors from unseating appellant as a director of the corporation. The annual meeting of the shareholders was held on July 13, 1959, at which meeting appellant was elected to the Board of Directors—the term of office to be one year. On July 18, 1959 a temporary restraining order was issued by the Fayette Circuit Court pursuant to a complaint filed by appellant. On July 29, 1959 appellant filed an amended complaint and again on the same day filed a second amended complaint. A final order was entered May 12, 1961 and the case was submitted to this Court October 3, 1961.

The only relief sought by appellant was an injunction to secure his position on the Board of Directors of the Corporation. Since his term of office was for one year only and had expired before the controversy was submitted to this Court, the point is now academic and moot. A decision on the merits of this case would be of no benefit to either party in that the controversy is no longer in existence.

It is a generally accepted rule, and a rule of this Court, that an appeal will be dismissed where, due to subsequent events, the circumstances have changed so as to make the determination of the question unnecessary. Com. by Breckinridge v. Woods, Ky., 342 S.W.2d 534, 535; see also, Civil Service Commission v. Tankersley, Ky., 330 S.W.2d 392, where we said:

" * * * In order for a party to maintain an appeal from a judgment it is essential that he shall be aggrieved or prejudiced by the judgment, for appeals are not allowed for the purpose of settling academic or moot questions however interesting or desirable such disposition may be. Only parties to litigation who have rights that may have been erroneously injured or rights which may be enforced by law in whole or in part by obtaining a reversal of a judgment are entitled to maintain an appeal. Maddox v. Giltner, 226 Ky. 578, 11 S.W.2d 426;

Mason v. Commonwealth, Ky., 283 S.W.2d 845, 54 A.L.R.2d 1158. 2 Am. Jur., Appeal in Error, § 152; 3 Am. Jur., Appeal in Error, § 733."

We are of the opinion that the appeal should be and the same is herein dismissed.

Appeal dismissed.