Wayne SMEAL, Petitioner,

v.

Adam OLDENETTEL, Eleanor Oldenettel and Alfred Oldenettel, Respondents.

No. 89SC516.

Supreme Court of Colorado,
En Banc.

July 15, 1991.

Madden and Strate, P.C., Robert J. Carlson, Timothy S. Tomasik, Wheat Ridge, for petitioner.

Hall & Evans, Duncan W. Cameron, Denver, for respondents.

Justice KIRSHBAUM delivered the Opinion of the Court.

In *Smeal v. Oldenettel*, No. 87CA1463 (Colo.App. July 6, 1989) (not selected for official publication), the Court of Appeals reversed a judgment of $92,241 entered in August of 1987 in favor of petitioner, Wayne Smeal, and against respondents, Adam Oldenettel, Eleanor Oldenettel and Alfred Oldenettel, as the result of a jury verdict in a trial limited to issues of damages. The court also ordered reinstatement of a judgment of $12,000 that had been entered on May 22, 1986, in favor of Smeal and against the Oldenettels as the result of a jury verdict in the initial trial on issues of liability. The Court of Appeals held that an August 7, 1986, trial court order granting Smeal a new trial on the issue of damages was void for lack of jurisdiction and that an October 27, 1986, order of a Court of Appeals panel dismissing the Oldenettels' appeal of the May 22, 1986, judgment did not require a contrary result. Having granted certiorari to consider the propriety of the judgment of the Court of Appeals, we affirm in part, reverse in part, and remand the case to that court with directions.

I

On October 29, 1983, Timothy Spencer struck Smeal's jaw at a Halloween party held at the Oldenettels' residence. Smeal was injured, and later initiated a civil action against the Oldenettels and Timothy Spencer, Melvin Spencer and Betty Spencer, seeking recovery of damages on various theories of negligent conduct. On May 8, 1986, pursuant to a stipulation, Smeal's claims against Melvin Spencer and Betty Spencer were dismissed with prejudice by the trial court.[1] On May 22, 1986, at the conclusion of a jury trial on Smeal's claims against the Oldenettels, the trial court entered judgment of $12,000 in favor of Smeal and against the Oldenettels based on the jury's verdict.

On June 4, 1986, pursuant to C.R.C.P. 59, Smeal filed a motion for new trial on the issue of damages. On July 16, 1986, the Oldenettels filed a motion requesting the trial court to order contribution from "former co-Defendant Timothy Spencer," pursuant to section 13–50.5–102, 6 C.R.S. (1985 Supp.). On August 7, 1986, the trial court entered an order granting Smeal's motion for new trial and denying the Oldenettels' motion for contribution.

On September 10, 1986, the Oldenettels filed a notice of appeal seeking Court of Appeals review of the May 22, 1986, judgment. The notice contained the following statement: "The trial court has not entered a C.R.C.P. Rule 54(b) ruling, but all issues are resolved by virtue of [Smeal's] post-trial motion for new trial on damages being denied by the passage of sixty days after its filing."

Smeal filed a notice of cross-appeal, which notice contained the following statements:

Smeal believes that since the Court's Order granting the new trial was within the sixty (60) days following the filing of the motion for contribution, that the Court did have jurisdiction and that the appeal by the Oldenettels must be dismissed for lack of jurisdiction in the Court of Appeals, i.e., there is no appeal from an order granting a motion for new trial until after the new trial.

---

1. The record contains a copy of a stipulation for the dismissal with prejudice of co-defendant Timothy Spencer, attached to which is a proposed order of dismissal. The stipulation is not signed by all of the parties. *See* C.R.C.P. 41(a)(1).

However, in the event the Trial Court lost jurisdiction and the motion for new trial is deemed denied as a matter of law under the sixty day provisions of Rule 59(j), Smeal appeals from the denial of his motion for new trial and from the judgment awarding damages of $12,000.00. The grounds for the appeal are inadequacy of damages as a matter of law and inadequacy of damages as a result of misconduct by counsel for the Oldenettels.

Smeal also filed a motion to dismiss the Oldenettels' appeal on the ground that the Court of Appeals lacked jurisdiction to consider such appeal. The motion contained the following pertinent language:

> 6. [The Oldenettels] ground their notice of appeal on the contention that the trial court did not have jurisdiction to grant a new trial since more than sixty (60) days had elapsed between filing of the motion for new trial and the date of the trial court's order.

> 7. However, since there were other post-trial motions, it was the date of the last filed motion that controls. See Rule 59(j), C.R.C.P., which provides:

> "The court shall determine any post-trial motion within 60 days of the date of the filing of the motion. Where there are multiple motions for post-trial relief, the time for determination shall comence (sic) on the date of filing of the last of such motions...."

> 8. Furthermore, under Rule 54, C.R.C.P., the judgment against the Oldenettels is not a final judgment because it does not dispose of all parties and all claims. To date, no order disposing of the claims against Timothy Spencer has been entered....

On October 27, 1986, the Court of Appeals, noting the absence of any response to Smeal's motion to dismiss, entered an order dismissing with prejudice the Oldenettels' appeal "for lack of a final appealable order."[2] The trial on the issue of damages proceeded, resulting in a jury verdict for Smeal and against the Oldenettels in the amount of $92,241. Judgment was entered on that verdict in August of 1987, and an amended judgment in the amount of $90,403.19 was entered in November 1987.

The Oldenettels appealed the 1987 judgment, asserting, *inter alia,* that on August 7, 1986, the trial court lacked jurisdiction to grant Smeal's then pending motion for new trial on the issue of damages because that motion was deemed denied prior to that date by virtue of the provisions of C.R.C.P. 59(j). After the Oldenettels filed their opening brief, Smeal filed a request with the Court of Appeals that it take judicial notice that it lacked jurisdiction to consider the issue of the trial court's jurisdiction on August 7, 1986, to determine Smeal's new trial motion. The request asserted that the October 27, 1986, Court of Appeals order dismissing the Oldenettels' appeal of the 1986 judgment constituted *res judicata* with respect to that issue.

The Court of Appeals rejected Smeal's jurisdictional argument. It then concluded that the trial court lacked jurisdiction on August 7, 1986, to grant Smeal's motion for new trial because said motion was deemed denied as a matter of law prior to that date by virtue of the provisions of C.R.C.P. 59(j).[3] The Court of Appeals remanded the case to the trial court with directions that it reinstate the May 22, 1986, judgment of $12,000.

---

**2.** The order in its entirety states as follows:

This matter having come on for consideration of appellee's motion to dismiss the appeal, and no response having been filed,

IT IS THEREFORE ORDERED that this appeal is HEREBY DISMISSED for lack of a final appealable order.

**3.** C.R.C.P. 59(j) states in pertinent part as follows: "The court shall determine any post-trial motion within 60 days of the date of the filing of the motion. Where there are multiple mo-

tions for post-trial relief, the time for determination shall commence on the date of filing of the last of such motions...." C.R.C.P. 59(a) states in pertinent part as follows: "Within 15 days of entry of judgment as provided in C.R.C.P. 58 or such greater time as the court may allow, a party may move for post-trial relief ...." The Court of Appeals reasoned that the Oldenettels' motion for contribution, filed on July 16, 1986, was untimely under C.R.C.P. 59(a) and, therefore, that the filing thereof did not extend the 60–day time period contained in C.R.C.P. 59(j).

## II

### A

Smeal argues that the Court of Appeals lacked jurisdiction to determine the issue of the trial court's jurisdiction on August 7, 1986, because the October 27, 1986, Court of Appeals order dismissing the Oldenettels' appeal must be deemed to have resolved that issue under the doctrine of *res judicata*. The principle of *res judicata* embodies two complementary doctrines concerning the preclusive effect of a prior adjudication—claim preclusion and issue preclusion. Claim preclusion, or classic *res judicata*, provides that a prior judgment shall be deemed conclusive of the rights of the same parties with respect to the same claim and bars re-litigation not only of all issues decided but all issues that might have been decided. *Pomeroy v. Waitkus*, 183 Colo. 344, 349–50, 517 P.2d 396, 399 (1973). The doctrine of collateral estoppel, or issue preclusion, prohibits re-litigation of a legal issue previously determined. *United States v. Jesse*, 744 P.2d 491, 503 (Colo.1987); *Industrial Comm'n v. Moffat*, 732 P.2d 616 (Colo.1987).

The doctrines of *res judicata* and collateral estoppel are applicable to claims or issues allegedly determined in previous litigation. They are therefore not applicable in the circumstances of this on-going case. *See People v. Coyle*, 654 P.2d 815 (Colo.1982); *Verzuh v. Rouse*, 660 P.2d 1301 (Colo.App.1982); *see also* 1B J. Moore, *Moore's Federal Practice* ¶ 0.40 (2d ed. 1982); *Development in the Law—Res Judicata*, 65 Harv.L.Rev. 819 (1952).

### B

Smeal also suggests that the Court of Appeals October 27, 1986, order conclusively determined the issue of the trial court's jurisdiction on August 7, 1986. *See People v. Roybal*, 672 P.2d 1003 (Colo. 1983). We conclude, as did the Court of Appeals, that this jurisdictional issue was not resolved by that order.

By its terms, the October 27, 1986, order granted Smeal's motion to dismiss the Oldenettels' appeal. Although Smeal's cross-appeal directly posed the question of whether the trial court had authority on August 7, 1986, to grant Smeal's new trial motion, Smeal's motion to dismiss the Oldenettels' appeal raised only the question of the Court of Appeals' jurisdiction over the case. Smeal's motion did not request the Court of Appeals to determine whether the trial court had jurisdiction in August of 1986 to rule upon Smeal's new trial motion.

Smeal argues that to reach the conclusion that it lacked jurisdiction to consider the Oldenettels' appeal, the Court of Appeals necessarily determined that the trial court did have jurisdiction on August 7, 1986, to rule on Smeal's new trial motion. This argument is based in part on the fact that in his motion to dismiss the Oldenettels' appeal Smeal asserted that, pursuant to C.A.R. 1 and 4, the trial court's August 7, 1986, order granting his new trial motion was not a final judgment for purposes of appeal. However, the Court of Appeals did not refer to C.A.R. 1 or C.A.R. 4 in its October 27, 1986, order. We cannot assume that it based its order on those appellate rules *sub silentio*.

Smeal also relies on the fact that in his motion to dismiss the Oldenettels' appeal he asserted that on August 7, 1986, the trial court did have jurisdiction pursuant to C.R.C.P. 59(j) to grant his new trial motion. He contends that the Court of Appeals necessarily adopted that argument in concluding that the appeal must be dismissed. This contention ignores the fact that Smeal's motion to dismiss the Oldenettels' appeal also contained the alternate argument that no final judgment was or could have been entered by the trial court, as required by C.R.C.P. 54(b), because the record of the 1986 trial proceedings contained no resolution of Smeal's claim against Timothy Spencer. The October 27, 1986, Court of Appeals order referred only to the lack of a final judgment in the case. It is well-established that appellate courts should avoid addressing issues that are unnecessary to a dispositive determination of the case on appeal. *Hardy v. Carrington*, 87 Colo. 461, 288 P. 620 (1930); *Olney*

*Springs Drainage Dist. v. Auckland,* 83 Colo. 510, 267 P. 605 (1928).

We are persuaded that, in the absence of any reference to C.A.R. 1, C.A.R. 4 or C.R.C.P. 59(j) therein, the Court of Appeals October 27, 1986, order addressed only the narrow issue of the applicability of C.R.C.P. 54(b) to the fact that the record disclosed the presence of an unadjudicated claim against a co-defendant. This interpretation of that order is reinforced by the fact that the author of the Court of Appeals decision in this appeal was a member of the Court of Appeals panel that issued the October 27, 1986, order.

■ Smeal relies upon the decisions of *Federal Land Bank of Spokane v. Heidema,* 727 P.2d 1336 (Mont.1986), and *Minor v. Lapp,* 220 Cal.App.2d 582, 33 Cal.Rptr. 864 (1963), to support his argument. However, neither *Heidema* nor *Minor* addresses the question of a dismissal of an appeal because there is no final judgment from which to appeal. We reject the suggestion that under our rules of civil and appellate procedure the dismissal of an appeal for lack of an appealable final order effects an affirmance of trial court determinations that are the subject of such appeal.

### III

■ The Court of Appeals also determined that the trial court lacked jurisdiction on August 7, 1986, to rule on Smeal's new trial motion. We conclude that the trial court had jurisdiction to determine Smeal's motion on that date,[4] and that therefore the judgment entered for Smeal and against the Oldenettels upon the jury's verdict in the 1987 re-trial of the issue of damages is a valid judgment.

The trial court entered its written judgment on the jury verdict awarding Smeal $12,000 against the Oldenettels on May 22, 1986, pursuant to C.R.C.P. 58(a). On that date, Smeal's claim against Timothy Spencer remained unresolved. Rule 54(b) contains the following pertinent provisions

with regard to judgments in multi-claim and multi-party civil litigation:

When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such ... direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

C.R.C.P. 54(b).

The record reveals that the trial court in this case at no time entered an order pursuant to C.R.C.P. 54(b) determining that the judgment it entered on May 22, 1986, was a final judgment. As C.R.C.P. 54(b) provides, the trial court retained jurisdiction to revise the initial judgment entered on Smeal's claim against the Oldenettels until such time as a final judgment was expressly determined and directed on such claim. The trial court's jurisdiction under C.R.C.P. 54(b) necessarily included jurisdiction to address Smeal's timely filed motion.

Rule 59, which rule governs the filing of all post-trial motions, contains the following pertinent language: "Within 15 days of entry of judgment as provided in C.R.C.P. 58 ... a party may move for post-trial relief ...." C.R.C.P. 59(a). The sixty-day temporal limitation contained in C.R.C.P. 59(j) is subject to the qualifying language of C.R.C.P. 59(a) and, hence, to the provisions of C.R.C.P. 58.

C.R.C.P. 58(a) contains directions for the entry of written judgments. It requires trial courts and clerks of court to promptly

---

4. The correctness of this portion of the Court of Appeals decision was briefly discussed during oral argument. We may, of course, notice questions of jurisdiction on our own motion. *See Sullivan v. Board of County Comm'rs of Arapahoe County,* 692 P.2d 1106 (Colo.1984).

execute and enter on the register of actions any written judgment, "[s]ubject to" the provisions of C.R.C.P. 54(b). A written judgment entered as required by C.R.C.P. 58(a) may or may not be a final judgment as defined by C.R.C.P. 54(b). In either event, the provisions of C.R.C.P. 54(b) regarding a trial court's jurisdiction to revise its initial judgment are expressly incorporated into C.R.C.P. 58 and, therefore, are applicable to motions filed pursuant to C.R.C.P. 59.

In this case, the trial court did not declare its May 22, 1986, written judgment to be a final judgment. That judgment therefore remained subject to revision by the trial court, as provided by C.R.C.P. 54(b), when Smeal's motion was filed and on August 7, 1986. Because Smeal's motion was thus insulated from the time limitation provided in C.R.C.P. 59(j), the trial court had jurisdiction on August 7, 1986, to consider and determine that motion.

## IV

The judgment of the Court of Appeals is affirmed insofar as it concludes that the doctrine of collateral estoppel does not bar its review of the trial court's jurisdiction to enter the August 7, 1986, order granting Smeal a new trial on the issue of damages. The judgment of the Court of Appeals is reversed insofar as it concludes that the trial court lacked jurisdiction on August 7, 1986, to enter such order. The case is remanded to the Court of Appeals with directions to vacate its order of remand and to consider the remaining issues raised by the Oldenettels' appeal of the trial court's November 1987 judgment.