RENDERED: APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0042-MR

REBECCA CAROL WHITE                                          APPELLANT

APPEAL FROM GRAYSON CIRCUIT COURT
v.        HONORABLE KENNETH HAROLD GOFF, II, JUDGE
ACTION NO. 19-CI-00163

JODY DALE WHITE                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE: Rebecca Carol White appeals from child support orders of the

Grayson Circuit Court, entered September 9, 2021, December 10, 2021, and

January 4, 2022. After careful review of the briefs, record, and law, we affirm.

# PROCEDURAL HISTORY AND BACKGROUND

On May 2, 2019, Rebecca petitioned to dissolve her marriage to Jody White, and a limited decree, reserving a decision on child support, was entered on October 22, 2020. Relevantly, Jody is a self-employed farmer, in addition to his full-time salaried employment, and in February 2021, prior to the final hearing, he received a federal Paycheck Protection Program ("PPP") loan for his farming operation in the amount of $12,100. By its terms, this loan was eligible to be forgiven, and if so, the funds are considered non-taxable income.

Hearings were held before a Domestic Relations Commissioner ("DRC") on September 29, 2020, and May 11, 2021, after which the parties submitted proposed findings of fact and conclusions of law. Therein, Rebecca calculated her and Jody's monthly incomes at $2,581.25 and $3,989.24, respectively, and argued Jody's child support obligation should be set at $171.92 per month under the Colorado Method.[1] Supporting her assertion of Jody's income, Rebecca attached a document calculating the parties' tax refunds from 2014 through 2019, when she was unemployed, which she then used to derive a monthly average of $696 additional income to be attributed to Jody, along with his

---

[1] The Colorado Method has been held to be a permissible deviation from Kentucky statutory guidelines when parents share physical custody of the children for at least 40% of the time. *See Serrano v. Serrano*, No. 2018-CA-001888-ME, 2020 WL 1231600 (Ky. App. Mar. 13, 2020) (unpublished).

wages. Further, Rebecca requested a finding that should the PPP loan be forgiven, half of the proceeds were her marital property. The DRC accepted Rebecca's income determinations, but not the Colorado Method, and recommended $131.04 in monthly child support.[2] The DRC also concluded that Rebecca did not have a marital interest in the PPP loan.

Rebecca timely filed objections asserting that the parties' wages had changed since the final hearing, and as a result, the DRC recommendations did not accurately reflect their monthly incomes. In her updated calculations, Rebecca asserted her monthly income was $2,457.39 ($1,257 minimum wage plus $1,200.39 in disability) and Jody's monthly income was $4,310 ($3,614 in salaried wages plus $696 monthly average tax refund). Additionally, for the first time, Rebecca requested that "in the event that [Jody] receives loan forgiveness of the PPP loans, [now totaling $24,000 due to a second disbursement in May 2021 and] which will be non-taxable income, he should be required to advise [her] of the same so that she can determine whether that loan forgiveness amount affects the amount of child support[.]"

---

[2] The DRC found that base support for two children was $1,219, pursuant to 2021 Kentucky Acts ch. 47, § 2 (eff. Jun. 29, 2021) (current version at KRS 403.212 (2022)), and the percentage of combined parental income of Jody and Rebecca was 60.7% and 39.3%, respectively, resulting in monthly child support obligations of $739.93 and $477.85, the difference of which divided in half equals $131.04.

The court denied both exceptions by order entered September 9, 2021. Regarding Jody's income, the court concluded that the law did not support the inclusion of tax refunds, citing *Hahn v. Commonwealth, Dept. of Human Res., Cabinet for Social Servs.*, as these sums are already included in an individual's gross income. No. 2006-CA-001053-DG, 2007 WL 2744202 (Ky. App. Sep. 21, 2007) (unpublished). As for the PPP loans, the court affirmed the DRC's conclusion that they were neither a marital asset nor a debt and stated that either party could seek a modification of child support in the future. Pursuant to CR[3] 59.05, Rebecca motioned the court to alter or amend this order. Therein, Rebecca conceded the wisdom of the holding in *Hahn* but, nonetheless, argued that Jody's tax refunds in excess of withholdings should be considered income. She also asserted the issue of the PPP loans was ripe since the debt had been forgiven on July 26, 2021. Jody objected, noting that Rebecca had not made either argument during the proceedings before the DRC.

After further briefing, on December 10, 2021, the court concluded CR 59.05 does not permit a party to raise arguments or introduce evidence that should have been presented prior to entry of the judgment and, therefore, denied relief. A subsequent order was entered on January 4, 2022, reiterating that the motion was

---

[3] Kentucky Rules of Civil Procedure.

denied and including finality recitations, and this appeal followed. Additional facts will be introduced as they become relevant.

## LEGAL ANALYSIS

Rebecca argues the court erred in concluding that Jody's tax refunds in excess of his withholdings – $336 a month by her calculations – did not constitute income. In support, Rebecca contends KRS[4] 403.212(2)(b) defines income expansively and, as surplus to that which is withheld, her claim is not excluded by the holding in *Hahn*, *supra*.

We need not belabor our analysis with a consideration of whether the claim was properly preserved – which Jody contests – or even its merits, because Rebecca has already received the benefit of what she seeks. In her objections to the DRC's recommendations, Rebecca asserted Jody's wages had increased to $3,614 a month and now, after a series of changing arguments, she claims a $336 monthly average additional income for tax refunds. Accepting *arguendo* her entitlement to these amounts, Jody's monthly income would be $3,950. However, this is clearly less than the $3,989.24[5] attributed to him by the DRC and unchanged by the court. As Rebecca has not been injured by the court's income

---

[4] Kentucky Revised Statutes.

[5] To be frank, this Court is unable to ascertain how Rebecca or the DRC arrived at this figure, which clearly exceeds Jody's wages, both as testified to at the hearing and his subsequent raise; however, Jody did not challenge the DRC's finding.

-5-

determination, she is not entitled to appeal the order. *Petition Comm. ex. rel. a Majority of its Members v. Bd. of Educ. of Johnson County, Kentucky*, 509 S.W.3d 58, 63 (Ky. App. 2016) (citing *Am. States Ins. Co. v. Audubon Country Club*, 650 S.W.2d 252, 254 (Ky. 1983)); *see also Civil Serv. Comm'n v. Tankersley*, 330 S.W.2d 392 (Ky. 1959). Moreover, our resolution of the merits of Rebecca's claim would not be decisive of a present controversy, and we are unauthorized to render merely advisory opinions. *Pettingill v. Pettingill*, 480 S.W.3d 920 (Ky. 2015).

Next, Rebecca maintains that the court failed to exercise its authority under CR 59.05 to prevent manifest injustice when it refused to address the issue of the PPP loans and, more specifically, did not include those sums in its income determination. Jody argues this claim is not preserved since Rebecca did not seek such relief during the final hearings before the DRC and she admits it was only heard by the court on November 2, 2021, after final judgment had been entered.

CR 59.05 permits a party to petition the court to alter, amend, or vacate its judgment. The Kentucky Supreme Court in *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005), explained that relief under this rule is proper when necessary to prevent manifest injustice or to permit a party to introduce newly discovered or previously unavailable evidence. However, the *Gullion* Court clarified that "'newly discovered evidence' must be of facts existing at the time of trial[; otherwise], litigation would never come to an end." *Id.* at 894 (footnotes and

-6-

citations omitted). Here, the PPP loans were forgiven after the final hearing; thus, the court did not err in denying Rebecca's CR 59.05 motion to introduce the evidence. Regardless, Rebecca is not entitled to relief because "[o]rders denying CR 59.05 relief are interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitations." *Ford v. Ford*, 578 S.W.3d 356, 365 (Ky. App. 2019) (quoting *Hoffman v. Hoffman*, 500 S.W.3d 234, 236 (Ky. App. 2016)) (internal quotation marks omitted). For these reasons, we find no error.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Grayson Circuit Court are AFFIRMED.


CALDWELL, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.


BRIEFS FOR APPELLANT:

Randall C. Teague
Madisonville, Kentucky

BRIEF FOR APPELLEE:

Lyn Taylor Long
Elizabethtown, Kentucky