Filed 5/23/24  Howard v. Clark Construction CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NATHANIEL HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARK CONSTRUCTION - GROUP CALIFORNIA, LP, et al.,<br><br>    Defendants and Respondents;<br><br>KENNETH J. MELROSE et al.,<br><br>    Objectors and Appellants. | G063094<br><br>(Super. Ct. No. PSC1901153)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Riverside County, Manuel Bustamante, Jr., Judge.  Dismissed.  Motion to augment record denied.  Motion to dismiss granted.

Law Office of Kenneth J. Melrose and Kenneth J. Melrose for Objectors and Appellants.

Everett Dorey, Seymour B. Everett, III, Samantha E. Dorey, Christopher D. Lee; Bullard; Brown & Beal, Jeremy E. Beal, Hans C. Ruschke; Horvitz & Levy and Steven S. Fleischman for Defendants and Respondents.

Clark Construction Group - California, LP and Gonsalves & Santucci, Inc. (collectively defendants) brought a motion to disqualify counsel representing plaintiff Nathaniel Howard—including the Law Offices of Brian D. Witzer and the Law Office of Kenneth J. Melrose (collectively appellants). The motion was based on undisputed facts that attorney Yangkyoung Lee, who worked with appellants on this matter, had also, years earlier, worked for about 20 hours on behalf of defendants in the same matter.

The trial court granted the disqualification motion, finding a conclusive presumption demanded disqualification. After appellants appealed, Howard and defendants settled the underlying lawsuit, which was then dismissed by the court.

Because there is no appellate relief to be granted, we dismiss this appeal as moot. For any collateral disputes about the issues underlying this appeal, there is to be no issue or claim preclusion based on the trial court's disqualification order nor our dismissal of this appeal.

## FACTS

I. *The Disqualification Order*

In the underlying litigation, Howard sued defendants in February 2019, alleging liability for a workplace injury (the lawsuit). Shortly after Witzer filed the lawsuit on Howard's behalf, Melrose "began to work the case up" with Witzer.[1]

Two months after the lawsuit began, Lee worked for Bullard, Brown & Beal—one of the law firms that represented defendants in the underlying litigation—for "'less than a month.'" During that time, in April 2019, Lee worked on the lawsuit for "approximately 20 hours" on behalf of defendants.

More than three years later, in December 2022, Lee began an independent contractor relationship with Witzer. They had a conversation where Witzer "asked [Lee]

---

[1] For simplicity, we do not distinguish between these individual attorneys and the firms respectively bearing their names.

if [she] worked on this particular case, [and she] told him no as [she] did not recall getting involved in the case at Bullard[,] Brown & Beal."

Two days before trial was set to commence, Lee e-mailed defense counsel, introducing herself as part of Howard's "trial team" and delivering a proposed jury questionnaire. Her e-mail included a reminder that she had previously worked with one of the defense attorneys working on the matter.[2]

The next day, defendants moved to disqualify Lee and appellants from representing Howard. The trial court heard oral arguments and concluded that Lee's work for defendants triggered a conclusive factual presumption justifying disqualification. In March 2023, the court entered an order disqualifying Lee and appellants. Appellants timely appealed and Howard filed a motion to dismiss the appeal that was denied by to Division Two of our district.[3] The lawsuit moved forward in the trial court with new counsel for Howard, who did not request a stay.

II. *Settlement of the Lawsuit*

On January 11, 2024, Howard requested the lawsuit be dismissed in the trial court in its entirety, based on a settlement between Howard and defendants. The court dismissed the lawsuit the same day. Two months later, defendants filed a motion to dismiss this appeal as moot based on the settlement. We now address the motion.

DISCUSSION

Courts have a duty ""to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in

---

[2] Lee wrote in part: "I don't know whether you guys remember me, but I briefly worked with [one of the defense attorneys] many years ago. I am looking forward to seeing you guys again in the courtroom!"

[3] Appellants have filed a motion to augment the record regarding timeliness of appeal. We deny the motion as moot.

3

issue in the case before it.'" [Citation.] A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) This dismissal principle applies "[w]hen the parties to a case have settled their underlying dispute." (*Watkins v. Wachovia Corp.* (2009) 172 Cal.App.4th 1576, 1588.)

Appellants request us to vacate the trial court's ruling disqualifying them and direct the court to enter an order denying the disqualification motion. Defendants acknowledge that appellants have standing to appeal from the underlying disqualification order. (*A.I. Credit Corp., Inc. v. Aguilar & Sebastinelli* (2003) 113 Cal.App.4th 1072, 1077.) But they correctly argue that the settlement of the lawsuit by their former client has rendered this appeal moot because there is no longer effectual relief to grant. (*In re D.P., supra*, 14 Cal.5th at p. 276.) We therefore grant defendants' motion to dismiss this appeal.

In their opposition, appellants contend the settlement has made this appeal "more important than ever," specifying that a "failure to prosecute this appeal [could] prevent [a]ppellants from ever challenging the factual basis for the disqualification [order] in the [*sic*] *subsequent* actions regarding [their] entitlement to attorneys' fees." (Italics added.) Their proffered justification for not dismissing this appeal fails for two reasons. First, as they implicitly acknowledge through the word "subsequent," their claim for attorney fees is not before this court, consistent with the general rule that counsel's right to compensation must be sought in an independent action. (*Hendricks v. Superior Court* (1961) 197 Cal.App.2d 586, 588-589.) Whether appellants are entitled to fees is of no moment to this appeal.

Secondly, as defendants correctly note, a dismissal should not prevent appellants from arguing the issues underlying this appeal in collateral proceedings. Our dismissal of this appeal on the ground of mootness does *not* trigger issue or claim preclusion for other proceedings. (*Minor v. Lapp* (1963) 220 Cal.App.2d 582, 584.) We express no opinion on any of the issues raised, except mootness.

## DISPOSITION

The appeal is dismissed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

O'LEARY, P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.