[No. G043325. Fourth Dist., Div. Three. Dec. 13, 2010.]

In re A.Z., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
ALBERT Z., Defendant and Appellant.

**COUNSEL**

Linda J. Vogel, under appointment by the Court of Appeal, for Defendant and Appellant.

Nicholas S. Chrisos, County Counsel, and Karen L. Christensen, Deputy County Counsel, for Plaintiff and Respondent.

Marsha F. Levine, under appointment by the Court of Appeal, for Minor.

**OPINION**

**FYBEL, J.—**

## INTRODUCTION

Albert Z. (Father) appealed from the juvenile court's order terminating his parental rights to his daughter, then two-year-old A.Z. Father contended the

juvenile court erred by finding inapplicable the parent-child relationship exception to the termination of parental rights under Welfare and Institutions Code section 366.26, subdivision (c)(1)(B)(i). In his appellate briefs, Father asserted, inter alia, his concern that A. "would lose eligibility for disability and Veteran's Administration benefits that she would be entitled to through [him]" if his parental rights were terminated.

During the pendency of this appeal, Father's counsel informed this court of Father's death and filed a motion to dismiss the appeal as moot. We appointed counsel to represent A. and invited all parties to file supplemental briefs addressing the proper resolution of this appeal in light of A.'s best interests. For the reasons we explain, we dismiss the appeal as moot. We publish this opinion because the parties have not cited, and we have not found, any published opinion addressing the proper disposition of a dependency appeal when an appellant parent dies while the appeal is pending.

## BACKGROUND

A. was taken into protective custody by the Orange County Social Services Agency (SSA) on July 7, 2008, and was placed in the home of her paternal aunt and uncle (the prospective adoptive parents) four days later. On July 9, SSA filed a juvenile dependency petition in Orange County Juvenile Court, which alleged A. came within the juvenile court's jurisdiction under Welfare and Institutions Code section 300, subdivision (b) (failure to protect) and subdivision (j) (abuse of sibling). In view of the issue before us, we need not recite the allegations of the petition, as amended, or the SSA reports. Father pleaded nolo contendere to the allegations of the amended petition. The juvenile court sustained the allegations of the amended petition and approved a case plan for Father.

At the 12-month review hearing, the court terminated Father's reunification services and set a permanency hearing. The juvenile court found A. adoptable. The court also found that none of the exceptions to Welfare and Institutions Code section 366.26, subdivision (c)(1) applied and ordered Father's and A.'s mother's parental rights terminated. Father appealed from the court's order terminating his parental rights solely on the ground the court erred by finding inapplicable the parent-child relationship exception to the termination of parental rights. A.'s mother is not a party to this appeal.

While this appeal was pending, Father's counsel informed this court that Father had passed away in August 2010, and submitted a certified copy of Father's death certificate. Father's counsel filed a motion to dismiss the appeal as moot.

We appointed counsel to represent A., and invited all parties to submit supplemental briefs addressing the proper resolution of this appeal, including whether Father's counsel's motion should be granted (see *Guardianship of Crossley* (1934) 1 Cal.2d 460 [35 P.2d 513]), whether the proceedings should be "permanently abated" (*People v. McCoy* (1992) 9 Cal.App.4th 1578, 1587 [12 Cal.Rptr.2d 476] [following the death of the appellant, the appellate court stated "all proceedings in the cause have permanently abated" and directed the superior court "to enter an order to that effect"]), or whether some other action by this court is appropriate. Our order inviting supplemental briefs further stated that such briefs "should also address the impact any potential action by this court might have on the progress of A.Z.'s adoption proceedings and any other matter relating to her best interests."

Father's counsel, A.'s counsel, and county counsel each submitted a supplemental brief; all contended it is in A.'s best interests for this court to dismiss the appeal.

## DISCUSSION

■ " 'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. [Citations.]' " (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498 [103 Cal.Rptr.3d 889]; see *In re Christina A.* (2001) 91 Cal.App.4th 1153, 1158 [111 Cal.Rptr.2d 310] [if subsequent acts or events have rendered questions raised in the appeal moot, then the action no longer presents a justiciable controversy].)

■ Appellate courts have dismissed dependency and civil appeals that have become moot. (See *In re Dani R.* (2001) 89 Cal.App.4th 402, 404 [106 Cal.Rptr.2d 926] [" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' "]; *Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178–1179 [49 Cal.Rptr.3d 825] [appellate court will not render opinions on moot questions but will dismiss the appeal]; *In re Ruby T.* (1986) 181 Cal.App.3d 1201, 1204 [227 Cal.Rptr. 8] [" 'it is the duty of the court to dismiss the appeal' " that has become moot].)

In criminal cases, appellate courts have issued orders of permanent abatement, rather than dismissal, after an appeal has become moot due to the death of the defendant. (See, e.g., *People v. McCoy, supra,* 9 Cal.App.4th at p. 1587; *People v. Dail* (1943) 22 Cal.2d 642, 659 [140 P.2d 828]; *In re Jackson* (1985) 39 Cal.3d 464, 480 [216 Cal.Rptr. 760, 703 P.2d 100].) But

dependency proceedings are special proceedings of a civil, not criminal, nature. (See *In re R.R.* (2010) 187 Cal.App.4th 1264, 1275 [114 Cal.Rptr.3d 765] [juvenile dependency proceedings are "special proceedings governed by their own rules and statutes," but "in the absence of a dispositive provision in the Welfare and Institutions Code and the Juvenile Rules (Cal. Rules of Court, rule 5.500 et seq.), we look to the Code of Civil Procedure for guidance"].) Furthermore, permanent abatement of a case on appeal can result in the case having no final resolution, which is untenable for a dependent child who is awaiting such final resolution to clear the path for his or her adoption.

■ Here, Father's death caused this appeal to become moot. The parties' supplemental briefs uniformly urge this court to dismiss the appeal rather than issue an order permanently abating the appeal. County counsel argues: "Given the more equivocal status of an appeal that has been abated to that of one which is dismissed, in a case involving the freeing of a child for adoption, it is logically in the child's best interest to have the clearer order made." Father's counsel asserts the appeal should be dismissed "in order to implement A[.]'s permanent plan of adoption with the required finality, and without any undue delay." Finally, A.'s counsel states she agrees the appeal should be dismissed, noting that even if dismissal of the appeal results in A.'s loss of financial benefits through Father, "the loss of such benefits unequivocally would be outweighed by the benefit of adoption by her uncle and aunt."

In light of the legal authorities and arguments set forth *ante*, we agree dismissal is the proper disposition for this appeal. Dismissal will serve A.'s best interests by providing finality in the dependency case, enabling her to proceed in the adoption process. County counsel cites legal authority that any right A. has to veterans' or other benefits through Father might be unaffected by dismissal of this appeal. (See, e.g., 38 C.F.R. § 3.58 (2010) ["A child of a veteran adopted out of the family of the veteran either prior or subsequent to the veteran's death is nevertheless a *child* within the meaning of that term as defined by § 3.57 and is eligible for benefits payable under all laws administered by the Department of Veterans Affairs."]; 20 C.F.R. § 404.350(a)(1) (2010) [natural child survivor might be eligible to receive benefits if insured had been decreed by a court to be the child's parent before the insured's death].) Even acknowledging the risk A. might not receive survivor benefits of some nature, consideration of A.'s best interests compels the conclusion that finality of this dependency case and adoption outweigh any risk she might not receive such benefits.

## DISPOSITION

The appeal is dismissed as moot.

O'Leary, Acting P. J., and Ikola, J., concurred.