Filed 7/30/15  In re Kimberly E. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re KIMBERLY E., a Person Coming Under the Juvenile Court Law. | |
| | D067670 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J519102C) |
| v. | |
| CARLOS E., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Dismissed as moot.


Daniel G. Rooney, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Dana C. Shoffner, Deputy County Counsel, for Plaintiff and Respondent.

Carlos E. appeals an order denying visitation with his daughter, Kimberly E. He argues the juvenile court erred when it did not make a detriment finding before denying his request for supervised visits with his daughter Kimberly, as required under Welfare and Institutions Code section 362.1. We dismiss the appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2014, the San Diego County Health and Human Services Agency (Agency) detained 14-year-old Kimberly E. and her older half-siblings, Y.A. and Alberto A., in protective custody.[1] The Agency filed a petition alleging that Kimberly's father, Carlos E., had sexually abused his stepdaughter, Y.A., stepson Alberto, and his son Christopher, and Kimberly was at substantial risk of sexual abuse.

At the jurisdiction and disposition hearing, the juvenile court sustained the petition, removed Kimberly from the custody of her parents, and issued a three-year permanent restraining order prohibiting any contact between Carlos and Kimberly. Carlos stated he was not necessarily contesting the restraining order but asked for an exception to allow Kimberly to visit him under supervised conditions while he was incarcerated.[2]

---

[1] This appeal concerns only Kimberly. We mention her siblings only when relevant to the issues raised in this appeal.

[2] Carlos was incarcerated on pending criminal charges and facing a lengthy prison sentence. He was charged with four counts of committing a sex crime with a child 10 years or younger and three counts of lewd and lascivious acts with a child under the age of 14. Carlos pleaded guilty to sexual abuse of a child 10 years of age or younger, lewd and lascivious acts with a child under the age of 14, and sexual abuse of a child, and was sentenced to 20 years in prison.

2

In denying Carlos's request for visitation, the juvenile court said it considered the egregious nature of Carlos's sexual assaults on Kimberly's older half-sister and half-brother, and the risk of emotional and physical harm to Kimberly. When living together as a family, Carlos committed sexual assaults on Kimberly's half-brother and half-sister several times weekly for four or five years. Those acts included vaginal penetration and sexual molestation of his step-daughter, beginning when she was nine years old, and anal penetration and genital stimulation of his step-son, starting when he was 10 or 11 years old. The record before the juvenile court also showed that Carlos had sexually abused his adult son, starting when his son was eight years old and continuing for four to six years. Kimberly's half-sister observed Carlos engaging in grooming activities with then 10-year old Kimberly, including having her sit on his lap and washing her genitals in the shower.

In June 2015, the juvenile court held a special hearing to consider Carlos's request for visitation with Kimberly.[3] The court denied the request for in-person visitation but modified the restraining order to allow Carlos and Kimberly to exchange letters through Kimberly's therapist, when appropriate.

DISCUSSION

Carlos contends the juvenile court erred at the disposition when it denied visitation without making a detriment finding under Welfare and Institutions Code section 362.1. The Agency contends the appeal has been rendered moot by an intervening order

---

[3] This court granted the Agency's unopposed request for judicial notice of the minute order from the special hearing, the modified restraining order and the Agency's court report dated June 23, 2015.

permitting Carlos to have contact with Kimberly, as appropriate.  Carlos does not respond to the argument the appeal has been rendered moot.

"An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief.  [Citations.]  On a case-by-case basis, the reviewing court decides whether subsequent events in a dependency case have rendered the appeal moot and whether its decision would affect the outcome of the case in a subsequent proceeding.  [Citation.]"  (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054-1055.)

On June 23, the juvenile court authorized Carlos to exchange letters with Kimberly through her therapist.  The juvenile court made an explicit finding on the record that it would be detrimental to Kimberly to have in-person visitation with her father at that time.  Thus, Carlos's objection to the initial restraining order has been rendered moot by a subsequent order permitting contact.  Even if we were to find any merit in Carlos's arguments, there is an intervening visitation order and this court cannot grant effective relief.  A reviewing court has a duty to dismiss an appeal that has been rendered moot.  (*In re A.Z.* (2010) 190 Cal.App.4th 1177, 1180.)

DISPOSITION

The appeal is dismissed as moot.


                                                    BENKE, Acting P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.