Filed 4/18/16  In re C.R. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re C.R., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D068836 |
| Plaintiff and Respondent, | (Super. Ct. No. EJ3737) |
| v. | |
| VICTOR R., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Dismissed as moot.

Neil R. Trop, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Dana C. Shoffner, Deputy County Counsel, for Plaintiff and Respondent.

Lelah S. Fisher, under appointment by the Court of Appeal, for Minor.

Victor R., the father of now 17-year-old C.R., appeals the findings and orders of the juvenile court at the August 21, 2015 combined 18-month permanency review hearing (Welf. & Inst. Code,[1] § 366.22) and contested adjudication hearing on the section 387 petition filed by the San Diego County Health and Human Services Agency (Agency).[2]  Specifically, Victor challenges (1) the juvenile court's finding there was a substantial risk C.R. would suffer physical or emotional detriment if she were returned to his care, (2) the court's finding that the permanent plan of Another Planned Permanent Living Arrangement (APPLA) was appropriate for C.R., and (3) the court's order placing C.R. in a licensed group home.  We dismiss Victor's appeal as moot because, while this appeal was pending, the juvenile court terminated dependency jurisdiction after granting the father custody of C.R. and placing her in his care.

## FACTUAL AND PROCEDURAL BACKGROUND

C.R., who was born in December 1998, was almost 15 years old in October 2013 when her father, Victor, physically abused her, which resulted in her removal from his care and the Agency's filing of a petition on her behalf pursuant to section 300, subdivision (a).  At the November 2013 jurisdictional hearing, the court sustained the petition and thereafter declared C.R. a dependent, placed her in a licensed foster home, and ordered reunification services for Victor.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]     The mother has not appealed nor has she joined Victor's claims on appeal.

In June 2015 the Agency filed a supplemental petition under section 387, asserting the previous disposition had not been effective in protecting or rehabilitating C.R. and alleging that she required a higher level of supervision because she "had an emotional disability or disorder," and she was "engag[ing] in AWOL and criminal behaviors."

On August 21, 2015, the court held a combined 18-month permanency review hearing (§ 366.22) and contested adjudication hearing on the Agency's section 387 petition. The court sustained the petition, finding there was a substantial risk that C.R. would suffer physical or emotional detriment if she were returned to Victor's care. The court terminated the father 's reunification services, found that the APPLA permanent plan was appropriate for C.R., ordered C.R. placed in a licensed group home, and granted Victor overnight visitation with her.

A. *Victor's Pending Appeal*

On September 1, 2015, Victor filed his notice of appeal, challenging the court's findings and orders at the combined August 21, 2015 hearings. On appeal, Victor requests that the order placing C.R. in a group home (placement order) be reversed, and that the juvenile court be directed to return C.R. to his custody. In support of his request for this relief, Victor contends that (1) C.R. should have been returned to his custody because there was insufficient evidence to support a finding of detriment, and (2) the placement order was not supported by substantial evidence.

B. *Agency's Pending Motion to Dismiss Victor's Appeal as Moot*

On February 1, 2016, while this appeal was pending, the Agency filed a motion to dismiss the appeal as moot, arguing the relief Victor requests in his appeal—the return of

3

C.R. to his custody—had already been granted. The Agency asked this court to take judicial notice of the juvenile court's order dated December 16, 2015, and file-stamped January 5, 2016 (hereafter the January placement order)[3] that C.R.'s 60-day trial visit with her father would "become a placement" with the father 60 days from November 24, 2015 when the 60-day trial visit began, if "the visit is not disrupted." C.R.'s counsel notified this court in writing that she joined the Agency's motion to dismiss the appeal as moot.

Victor's appellate counsel thereafter filed an opposition to the Agency's motion to dismiss the appeal, asserting the January placement order was "insufficiently precise to be certain that such placement [of C.R. with her father] has been ordered" because "it is unclear whether a 'disruption' occurred," and "it [was] legally possible that a decision on this appeal could provide valuable relief to [him]."

We asked the parties to submit supplemental letter briefs on the question of "whether the January placement order ha[d] in fact taken effect returning C.R. to [Victor's] custody." In his April 5, 2015 response, Victor's appellate counsel stated he "ha[d] no additional facts to provide with regard to the question posed by this Court," but stated Victor continued to oppose the Agency's motion to dismiss the appeal because the juvenile court's "orders and findings . . . impute legal and personal stigma upon him," effectual relief on appeal is "possible," and he "could realize detriment in custody or visitation proceedings that might arise in a future family court setting."

---

3    We grant the Agency's request for judicial notice of the January 5 order. (Evid. Code, §§ 452, subd. (d), 459.)

4

In her April 5, 2016 response, C.R.'s appellate counsel urges this court to dismiss Victor's appeal as moot, asserting the juvenile court's minute order dated March 23, 2016 shows the court "ordered [C.R.] placed with [Victor] and terminated its jurisdiction over [her]," thereby "confirm[ing] the January placement order has taken effect" and "[C.R.] has been returned to [Victor's] custody." C.R.'s counsel requests that this court take judicial notice of that minute order (a copy of which is attached to her request for judicial notice), which states in part that C.R. "is PLACED WITH FATHER," Victor "is granted custody of the child," and "[j]urisdiction is terminated."

In its supplemental letter brief filed on April 7, 2016, the Agency joins C.R.'s counsel's request for judicial notice of the juvenile court's minute order dated March 23, 2016. Citing *In re N.S.* (2016) 245 Cal.App.4th 53, the Agency continues to request that Victor's appeal be dismissed as moot, arguing that "the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief it if finds reversible error." The Agency asserts that, here, "there is no actual controversy because the juvenile court has already ordered restored custody of C.R. to [Victor] and terminated its jurisdiction over her and the facts do not establish an adverse effect from the prior detriment finding."

## DISCUSSION

In his appeal, Victor requests that the placement order placing C.R. in a group home be reversed, and that this court direct the juvenile court to return C.R. to his custody. In support of his request for this relief, Victor contends that there was insufficient evidence to support the court's finding of detriment, and that the placement

5

order was not supported by substantial evidence. In its pending motion to dismiss this appeal (discussed, *ante*), which C.R.'s counsel has joined, the Agency argues the appeal is moot because the juvenile court has granted the relief Victor is requesting on appeal. We agree.

As a general rule, it is a court's duty "'"to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."'" (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541; *In re N.S.*, *supra*, 245 Cal.App.4th at p. 58.) "An appellate court will dismiss an appeal when an event occurs that renders it impossible for the court to grant effective relief." (*In re N.S.*, pp. 58-59.) When an appeal has become moot, a reviewing court has a duty to dismiss it. (*In re A.Z.* (2010) 190 Cal.App.4th 1177, 1180.)

Here, Victor's appeal is moot and must be dismissed. We grant C.R.'s counsel's request for judicial notice, which the Agency joins, of the juvenile court's minute order dated March 23, 2016. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) That minute order shows the juvenile court has restored custody of C.R. to Victor and terminated its dependency jurisdiction over C.R. Specifically, as noted, the minute order states in part that C.R. "is PLACED WITH FATHER," Victor "is granted custody of the child," and "[j]urisdiction is terminated." Thus, Victor's appeal is moot and must be dismissed because the relief he seeks has already been granted to him, and, thus, "it impossible for [this] court to grant effective relief" (*In re N.S.*, *supra*, 245 Cal.App.4th at p. 59). Victor

6

has not established he will suffer any adverse effect from the juvenile court's detriment finding (discussed, *ante*) that he challenges on appeal.  Accordingly, we grant the Agency's motion to dismiss Victor's appeal on the ground it is moot.

## DISPOSITION

Victor's appeal is dismissed as moot.


NARES, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.