Filed 6/21/16  P. v. Castro CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>EDUARDO CASTRO,<br><br>  Defendant and Appellant. | 2d Crim. No. B263328<br>(Super. Ct. No. 2012024359)<br>(Ventura County) |

Eduardo Castro appeals the trial court's order continuing him on postrelease community supervision (PRCS) (Pen. Code,[1] § 1170, subd. (h)) following a request for resentencing under Proposition 47.  Appellant contends the court erred in continuing him on PRCS and in failing to apply his excess custody credits against his term of parole, as contemplated in *In re Sosa* (1980) 102 Cal.App.3d 1002.

While the appeal was pending, the trial court granted appellant the relief he seeks on appeal.  On June  25, 2015, the court ordered that appellant's PRCS "be unsuccessfully terminated" as of that date and issued a nunc pro tunc order placing appellant on one year of misdemeanor parole pursuant to subdivision (d) of section

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1170.18 "as of 12-3-14."[2]  At oral argument, appellant's counsel informed us of this new development and asserted that it effectively rendered his appeal moot.  Accordingly, we shall dismiss the appeal.  (See *In re Dani R.* (2001) 89 Cal.App.4th 402, 404, quoting 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669 ["[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed"]; *In re A.Z.* (2010) 190 Cal.App.4th 1177, 1180 [appellate courts have a duty to dismiss appeals that have become moot].)

The appeal is dismissed as moot.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

---

[2] On our own motion, we take judicial notice of the trial court docket in this case. (Evid. Code, § 452, subd. (d).)

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, William Quest, Senior Deputy Public Defender, Ashley Jones, Deputy Public Defender for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.