Filed 8/11/21  In re N.M. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re N.M., A Person Coming Under the Juvenile Court Law. | B309856 |
| | Los Angeles County |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Super. Ct. No. CK26861E |
| Plaintiff and Respondent, | |
| v. | |
| L.G., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa A Brackelmanns, Judge Pro Tempore of the Juvenile Court.  Appeal dismissed.

Lori Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

Mother appealed from the juvenile court's order terminating her parental rights to her daughter N.M. She maintained the juvenile court erred by finding the Indian Child Welfare Act (ICWA) did not apply without ordering further inquiry as to whether N.M. is an Indian child. During the pendency of this appeal, counsel for the Los Angeles County Department of Children and Family Services (the Department) notified this court that mother had died in an automobile accident. Mother's appointed counsel confirmed mother's death with her family. Mother's unfortunate death renders her appeal moot. We therefore dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

In February 2016, the juvenile court declared N.M. a dependent child under Welfare and Institutions Code section 300, finding mother's substance abuse endangered the child.[1] In January 2017, the court removed N.M. from mother's custody and placed the child in a foster home. N.M. remained in the same foster home throughout the case.

In June 2018, mother gave birth to another child. The same month, she filed a Parental Notification of Indian Status for her newborn, checking the box stating, "I have no Indian ancestry as far as I know."

On July 25, 2018, the juvenile court terminated mother's reunification services and set a permanency hearing for N.M.

On January 5, 2021, the court terminated mother's parental rights to N.M. Mother appealed the order, arguing the court failed to comply with ICWA's inquiry mandates.

---

[1] The court also found father's substance abuse endangered N.M. In January 2021, the court terminated father's parental rights. Father did not appeal the ruling.

Shortly after filing its respondent's brief, the Department filed a motion to dismiss this appeal on the ground that mother's death had rendered the appeal moot. According to a status review report for the juvenile court, of which we have taken judicial notice, mother died in an automobile accident in March 2021.[2] In response to the Department's motion, mother's appointed counsel filed a letter brief notifying this court that she had spoken to mother's relatives and confirmed mother's unfortunate death, and that she would not oppose the Department's motion to dismiss.

## DISCUSSION

" 'An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief.' " (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498; *In re A.Z.* (2010) 190 Cal.App.4th 1177, 1180 (*A.Z.*); *In re Dani R.* (2001) 89 Cal.App.4th 402, 404 [dismissing dependency appeal, observing: " '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' "].)

In *A.Z.*, the reviewing court held the appellant father's death during the pendency of his appeal from a juvenile court order terminating his parental rights rendered the father's appeal moot and warranted dismissal of the appeal. (*A.Z., supra,* 190 Cal.App.4th at pp. 1179, 1181.) As the *A.Z.* court explained, dismissal was the proper disposition because it would serve the

---

[2] The Department's requests for judicial notice, filed on July 7, 2021 and July 13, 2021, are granted.

child's best interests by providing finality in the dependency case, enabling her to proceed in the adoption process. (*Id.* at p. 1181.) For the same reasons, we likewise conclude N.M.'s best interests compel the dismissal of this appeal.

## DISPOSITION

The Department's motion to dismiss is granted. The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

LAVIN, Acting P.J.

HILL, J.*

---

*      Judge of the Santa Barbara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.